[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16416

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 3, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00470-CV-RLV-1


KEINO LEON ESPY,

Petitioner-Appellant,

versus

ARSENE C. MASSAC, Warden,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 3, 2006)**


Before BIRCH, WILSON and COX, Circuit Judges.

COX, Circuit Judge

Keino Leon Espy ("Espy") appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus.  Espy was convicted in a Georgia state

court of armed robbery and possession of a firearm during the commission of a felony. He is currently incarcerated.

## I. Facts and Procedural History

On New Year's Day 1998, two men entered the Ramada Inn in Conyers, Georgia, and approached the duty clerk at the front desk, Bharat Brahmbhatti. The men asked about room rates, and Brahmbhatti handed them a registration card, after which the taller of the two men pulled a gun and demanded money. The other robber took some $800 to $1,000 from the cash drawer. One of the robbers had held a Coke can when he entered the Inn, and he left it on the counter. Brahmbhatti described the robbers as two black males, one taller, with lighter skin, and the other shorter. The shorter of the two was wearing a jacket with a hood cap and pockets. At trial, Brahmbhatti identified Espy as the taller robber who brandished a gun. A latent fingerprint that matched Espy's was found on the Coke can.

Officer Marc Blackard, who went to the scene, was allowed to testify, over objection, that he was approached by two guests of the Ramada Inn – Angela Lee and her husband, Roger – some fifteen to twenty minutes after the robbery. They described, he said, two men they had seen leaving the motel, and their descriptions matched Brahmbhatti's descriptions. The trial court admitted Officer Blackard's

2

testimony about the statements of these witnesses pursuant to the Georgia "res gestae" hearsay exception.[1]

Espy was convicted, and he appealed. On appeal, Espy made two contentions: (1) that the statements in question did not fall within the Georgia res gestae exception; and (2) that the admission of the statements violated Espy's Sixth Amendment right to confront the witnesses against him. Addressing only the first contention, the Georgia Court of Appeals affirmed Espy's conviction. *Espy v. State*, 246 Ga. App. 1, 539 S.E.2d 513 (2000). Espy did not seek further direct review. After unsuccessfully seeking collateral relief in Georgia, Espy timely filed this 28 U.S.C. § 2254 petition, contending, among other things, that the Georgia court's admission of the witnesses' statements violated his Sixth Amendment right to confrontation.

The case was referred to a magistrate judge. The magistrate judge recognized that in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), the Supreme Court had announced a new test for determining whether the admission of out-of-court testimonial statements violates a defendant's Sixth Amendment right to

---

[1]The Georgia statute codifying the res gestae exception provides: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." Ga. Code § 24-3-3 (2005). This Georgia hearsay exception is analogous to the federal hearsay exceptions for present sense impressions and excited utterances. Fed. R. Evid. 803(1), (2). Whether the statements in question actually fit the Georgia res gestae exception is not at issue here.

confrontation. Under *Crawford*, for testimonial hearsay to be admissible, two criteria must be satisfied: (1) the declarant must be unavailable to testify at trial; and (2) the defendant must have had a prior opportunity to cross-examine the declarant. *Id.* at 59, 124 S. Ct. at 1369. The magistrate judge concluded that the statements at issue were not testimonial, and therefore recommended not applying the *Crawford* test.

The magistrate judge instead recommended applying the test from *White v. Illinois*, 502 U.S. 346, 112 S. Ct. 736 (1992). In that case, the Supreme Court held that statements offered pursuant to a firmly rooted hearsay exception are admissible because they carry with them indicia of reliability sufficient to avoid any Confrontation Clause violation. *Id.* at 356, 112 S. Ct. at 743. Applying that test, the magistrate judge recommended holding that the Georgia res gestae exception is "firmly rooted." The district court adopted the magistrate judge's recommendation and dismissed the petition.

## II. Issue on Appeal and Contentions of the Parties

The district court granted Espy's motion for a certificate of appealability on the following issue: "Whether the petitioner's Sixth Amendment right to confront witnesses was violated when a police officer was permitted to testify regarding out-of-court statements made by two witnesses." (R.1-21.)

4

Espy relies on the Supreme Court's decision in *Crawford*. The Respondent contends that *Crawford* announced a new constitutional rule of criminal procedure, and thus that it does not apply retroactively to cases on collateral review, such as this one. *See Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 1075, *rehearing denied* 490 U.S. 1031, 109 S. Ct. 1771 (1989). Espy contends that the *Crawford* Court did not announce a new constitutional rule. Alternatively, Espy argues, if the rule announced in *Crawford* does constitute a new rule, then the rule is sufficiently important to be applied retroactively.[2]

To decide this appeal, then, we must first decide whether the Supreme Court's decision in *Crawford* established a new rule. If so, we must determine whether that rule applies retroactively to cases like this one on collateral review. If it does not apply retroactively, we must decide whether the law in force at the time Espy's conviction became final warrants relief.

---

[2]Espy also contends that, because this case is here on de novo review due to the state appellate court's failure to address the Sixth Amendment issue, the retroactivity rule of *Teague* should not apply. This contention confuses the proper standard of review with the proper law to be applied. Additionally, Espy contends that the Respondent has waived the *Teague* issue by failing to raise it in the initial brief. It is the parties' responsibility to raise the issues to be decided on appeal, but it is this court's responsibility to correctly apply the law, and this court must apply the correct rules of law to the issues before it whether the parties have correctly stated those rules in their briefs or not.

5

### III. Standard of Review

We review the district court's denial of a § 2254 petition de novo. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). The Georgia Court of Appeals failed to address the Confrontation Clause issue, even though Espy included it in his brief in that court. Thus, we review the state court's decision de novo. *See Romine v. Head*, 253 F.3d 1349, 1365 (11th Cir. 2001).

### IV. Discussion

The district court held that the statements at issue here were not testimonial in nature, and thus that the test announced in *Crawford* does not apply. We also conclude that the *Crawford* test does not apply, but we do so without reaching the question whether the witnesses' statements in question were testimonial. We conclude that *Crawford* announced a new rule not retroactively applicable to cases on collateral review, and that the law applicable to Espy's case does not warrant relief.

### A. *Crawford* Established a New Rule

To determine whether a change in a procedural rule of law subsequent to a defendant's conviction applies retroactively when the defendant's conviction is collaterally attacked, we apply the Supreme Court's decision in *Teague*, 489 U.S. at 310, 109 S. Ct. at 1075. The initial inquiry when applying *Teague* is whether a

6

decision has established a new rule of law. *See McCoy v. United States*, 266 F.3d 1245, 1256 (11th Cir. 2001). A case establishes a new rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301, 109 S. Ct. at 1070 (emphasis in original); *McCoy*, 266 F.3d at 1256 (citing *Teague*).

In *Crawford*, the Supreme Court considered whether the Sixth Amendment permitted a defendant's wife's prior recorded statements to be introduced against him at trial where a state marital privilege prevented the wife from testifying. *Crawford*, 541 U.S. at 40-42, 124 S. Ct. at 1357-58. The Court held that the wife's statements could not be admitted unless the defendant had a prior opportunity to cross-examine her. *Id.* at 68, 124 S. Ct. at 1374. This holding represented a clear break with prior precedent. *See White*, 502 U.S. at 355-56, 112 S. Ct. at 742-43; *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S. Ct. 2531, 2539 (1980).

Under prior precedent, the recorded prior testimony of an unavailable declarant could be admitted upon a showing of sufficient indicia of reliability, even without cross-examination. *Roberts*, 448 U.S. at 65, 100 S. Ct. at 2539; *see also White*, 502 U.S. at 353-54, 112 S. Ct. at 742-43 (applying the *Roberts* requirement of sufficient indicia of reliability). *Crawford* abrogated *Roberts* and established the rule that no recorded testimonial statement can be admitted at trial unless the proponent

establishes (1) that the declarant is unavailable to testify, and (2) that the defendant had a prior opportunity to cross-examine the declarant about his or her statements. *Crawford*, 541 U.S. at 59, 124 S. Ct. at 1369. Since *Crawford* overruled the precedent that would otherwise have dictated the result in the case, it cannot be said that the result in *Crawford* was "*dictated* by precedent existing at the time the defendant's conviction became final." *See Teague*, 489 U.S. at 301, 109 S. Ct. at 1070 (emphasis in original). Thus, applying *Teague*'s test, *Crawford* established a new rule.

### B. The *Crawford* Test Does Not Apply Retroactively

*Teague* holds that new procedural rules announced by the Supreme Court ordinarily should not be applied retroactively to cases on collateral review. 489 U.S. at 305, 109 S. Ct. at 1073. But, the *Teague* rule has two exceptions. A new rule applies retroactively if it either (1) immunizes certain private, individual conduct from criminal regulation; or (2) "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Id.* at 307, 109 S. Ct. at 1073 (internal citations and quotation marks omitted). The first exception obviously does not apply here. The *Teague* Court limited the application of the second exception to "watershed rules of criminal procedure," *Id.* at 311, 109 S. Ct. at 1076, "without

8

which the likelihood of an accurate conviction is seriously diminished." *Id.* at 313, 109 S. Ct. at 1077.

The standard for whether a new rule meets the second *Teague* exception is a strict one. Indeed, it is unlikely that the Supreme Court has found any new rule to fit this exception since its announcement. *See Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S. Ct. 2519, 2523 (2004). The *Teague* Court provided only minimal guidance as to the nature of a rule that would meet the exception, but the Court has since cited the rule announced in *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796 (1963), as one that would meet the exception were it announced today. *See Saffle v. Parks*, 494 U.S. 484, 495, 110 S. Ct. 1257, 1264 (1990). *Gideon* established the procedural right to counsel in state court in felony cases at all critical stages of the trial process. 372 U.S. at 343, 83 S. Ct. at 796.

Clearly, the right to counsel at trial is a watershed rule that seriously improves the likelihood of an accurate conviction. Although the rule announced in *Crawford* also impacts the accuracy of criminal convictions, it does not qualify as a "watershed" rule in the mold of *Gideon*. *Crawford* merely altered the existing regime outlined by *White*, 502 U.S. at 355-56, 112 S. Ct. at 742-43, and *Roberts*, 448 U.S. at 65, 100 S. Ct. at 2539.

9

At least five other circuits have directly addressed this issue, and all but one have either concluded or suggested that *Crawford* does not apply retroactively. *See Murillo v. Frank*, 402 F.3d 786, 790-91 (7th Cir. 2005); *Dorchy v. Jones*, 398 F.3d 783, 788 (6th Cir. 2005); *Mungo v. Duncan*, 393 F.3d 327, 336 (2d Cir. 2004); *Brown v. Uphoff*, 381 F.3d 1219, 1226-27 (10th Cir. 2004); *see also McGonagle v. United States*, 137 Fed. Appx. 373 (1st Cir. 2005) (per curiam unpublished) (expressing doubt that the *Crawford* rule meets the *Teague* exceptions); *Evans v. Luebbers*, 371 F.3d 438, 444-45 (8th Cir. 2004) (en banc) (same). *But see Bockting v. Bayer*, 399 F.3d 1010 (holding that *Crawford* applies retroactively), *rehearing en banc denied*, *Bockting v. Bayer*, 418 F.3d 1055 (9th Cir. 2005). We agree with the weight of authority on this issue and hold that *Crawford* did not announce a watershed rule of criminal procedure, and it therefore does not apply retroactively to cases on collateral review.

## C. The Law in Force at the Time of Espy's Conviction Became Final Forecloses Relief

Turning to the merits of Espy's petition, we review the state court's decision based on the law in force prior to *Crawford*. *See White*, 502 U.S. at 355-56, 112 S. Ct. at 742-43. Under *White*, the sole question is whether the statements at issue here carried with them sufficient indicia of reliability to bring them within a firmly rooted

10

hearsay exception. *Id.* We conclude that the statements in question met this standard. The Georgia state court admitted the statements pursuant to its res gestae exception. This exception has been part of the Georgia Code since at least 1863,[3] and it was a staple at common law.[4] The Federal Rules of Evidence have codified aspects of the exception in two subsections of Rule 803. Thus, the exception is firmly rooted. Whether the statements in question properly fit Georgia's res gestae exception has not been placed at issue here, and thus we accept the Georgia Court of Appeals' decision that Georgia's res gestae exception applies.

## V. Conclusion

We affirm the district court's denial of Espy's 28 U.S.C. § 2254 petition.

**AFFIRMED.**

---

[3] *See* Ga. Code § 3696 (1863).

[4] *See* Michael H. Graham, Fed. Prac. & Proc. § 7043 (explaining the replacement of the common law concept of the res gestae with Fed. R. Evid. 803(1) and (2)).

11