Argued and submitted March 23, affirmed April 26, petition for review denied June 27, 2006 (341 Or 140)

# TERRY JOE LUTZ,
*Appellant,*

*v.*

# Jean HILL,
## Superintendent,
## Snake River Correctional Institution,
*Respondent.*

## 04-12-4107M; A128724

134 P3d 1003

James N. Varner argued the cause and filed the brief for appellant.

Jennifer S. Lloyd, Attorney-in-Charge, Collateral Remedies and Capital Appeals, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Ortega, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief. ORS 138.530; ORS 138.510(3). That petition alleged that (1) under the reasoning of *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the criminal trial court acted unconstitutionally in imposing an upward departure sentence and consecutive sentences; and (2) the failure of petitioner's criminal trial and appellate counsel to challenge the imposition of the consecutive sentences and the upward departure sentence on *Apprendi* and *Blakely* grounds amounted to constitutionally inadequate assistance of counsel. *See* ORS 138.530(1)(a), (c). For the reasons that follow, we affirm.

The procedural circumstances of this case are similar to those in dozens, perhaps hundreds, of post-conviction cases filed in this state following *Blakely*. Petitioner was convicted, following a jury trial in 1996, of two counts of attempted murder, two counts of first-degree assault, and two counts of second-degree intimidation. The court subsequently sentenced petitioner to a departure sentence of 250 months' imprisonment on one count of first-degree assault and imposed consecutive sentences on several other counts. Petitioner unsuccessfully appealed, with the appellate judgment issuing on July 13, 1998. Thereafter, petitioner timely filed his first petition for post-conviction relief, which did not raise any claim similar to his present claims, and, in March 2002, we affirmed the denial of post-conviction relief. *Lutz v. Hill*, 180 Or App 392, 44 P3d 624, *rev den*, 334 Or 190 (2002).

In June 2004, the United States Supreme Court decided *Blakely*. In March 2005, petitioner filed his second (and present) petition for post-conviction relief, alleging that (1) under *Apprendi* and *Blakely*, the criminal trial court had unconstitutionally imposed the departure sentence and the consecutive sentences; and (2) criminal trial and appellate counsel had been constitutionally inadequate because they had failed to argue that those sentences had been unconstitutionally imposed.

Defendant moved for summary judgment, contending that petitioner's petition was time-barred under either ORS 138.510(3), ORS 138.550(3),[1] or both, and that *Apprendi* and *Blakely* could not be applied retroactively. The trial court granted defendant's motion and entered a judgment of dismissal. ORS 138.525.

On appeal, petitioner raises two overarching arguments. First, *Apprendi* and *Blakely* should be applied retroactively in collateral proceedings, as announcing a "watershed" rule of criminal procedure. Second, petitioner argues that his claims are not time-barred under ORS 138.510(3) or ORS 138.550(3) because those claims "could not reasonably have been raised" until the Supreme Court decided *Blakely*.

■ Petitioner's first argument is unavailing. In *Schriro v. Summerlin*, 542 US 348, 124 S Ct 2519, 159 L Ed 2d 442 (2004), the Court held that the aspect of *Apprendi* (and, by extension, *Blakely*) requiring that a jury find each fact increasing a criminal defendant's sentence beyond the statutory maximum is not a "watershed" rule of criminal procedure that applies retroactively. In *Miller v. Lampert*, 340 Or 1, 8-12, 125 P3d 1260 (2006), the Oregon Supreme Court, reiterating its holding in *Page v. Palmateer*, 336 Or 379, 84 P3d 133, *cert den*, 543 US 866 (2004), concluded that the aspect of *Apprendi* (and *Blakely*) requiring that each fact

---

[1] ORS 138.510(3) provides:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

As noted, the appellate judgment in defendant's direct appeal was entered on July 13, 1998.

ORS 138.550(3) provides, in part:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

As noted, petitioner had filed a previous petition for post-conviction relief.

increasing a criminal defendant's sentence beyond the statutory maximum be proved beyond a reasonable doubt also did not announce a "watershed" rule. *Miller*, 340 Or at 8, 10-12. Thus, regardless of the operation of the "escape clauses" in ORS 138.510(3) and ORS 138.550(3), petitioner's "unconstitutional sentence" claim fails on the merits.

■ Petitioner's alternative claim of unconstitutionally inadequate assistance of counsel fails for either of two reasons. First, the factual premise of petitioner's invocation of the "escape clauses" in ORS 138.510(3) and ORS 138.550(3), *viz.*, that his present claim "could not reasonably have been raised" before *Blakely*, is irreconcilable with the factual premise of his claim of inadequate assistance of counsel, *viz.*, that, as of 1998, reasonable criminal defense counsel would have anticipated *Blakely* and raised a *Blakely*-like challenge to the imposition of the departure sentence and the consecutive sentences. Although it *may* be abstractly possible, in some case, that an otherwise time-barred claim of inadequate assistance of counsel could be cognizable under the "escape clauses," this is not such a case. Bluntly, post-conviction petitioners in this petitioner's position are statutorily "whipsawed."

Second, both the Oregon Supreme Court and this court have previously held that counsel's failure to anticipate *Apprendi* or *Blakely* by objecting to the imposition of enhanced dangerous offender sentences or upward departure sentences does not constitute constitutionally inadequate assistance of counsel. *See Miller*, 340 Or at 13-17 (where the petitioner's enhanced dangerous offender sentence had been imposed in August 1998, criminal defense counsel was not unconstitutionally inadequate in failing to anticipate *Apprendi* based on the then-existing state of the law, including *Almendarez-Torres v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998), and *McMillan v. Pennsylvania*, 477 US 79, 106 S Ct 2411, 91 L Ed 2d 67 (1986)); *Peralta-Basilio v. Hill*, 203 Or App 449, 126 P3d 1 (2005) (where the petitioner's upward departure sentence was imposed in 2002, after *Apprendi* and before *Blakely*, criminal defense counsel was not unconstitutionally inadequate in failing to anticipate *Blakely*).

Affirmed.