IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-36,142-03





EX PARTE JESUS LEDESMA AGUILAR







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 95-CR-1088 FROM THE


107
TH DISTRICT COURT OF CAMERON COUNTY





Per Curiam. Cochran, J., filed a concurring statement in which Hervey, J., joined. 
Price, J., filed a dissenting statement in which Holcomb, J., joined


ORDER



 This is a subsequent application for a writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure, Article 11.071, section 5. Applicant alleges that he was denied
the right to confront the witnesses against him at the punishment phase of trial and that the
chemical protocol used during lethal injection violates the Eighth Amendment.

 Applicant was convicted of capital murder in May, 1996. On direct appeal this Court
affirmed the conviction, then, on our own motion we granted rehearing and again affirmed
the conviction and sentence. Aguilar v. State, No. 72,470 (Tex. Crim. App. October 29,
1997) (opinion on rehearing). After reviewing his timely filed application for writ of habeas
corpus, this Court denied relief. Ex parte Aguilar, No. 36,142-01 (Tex. Crim. App. June 10,
1998).

 On direct appeal this Court reviewed the merits of his claim that he was denied the
right to confront a witness against him at the punishment phase of trial. We held that the
Confrontation Clause was not implicated. We held this because the complained-of testimony
went only to the declarant's statement that he drove "others" to the crime scene and that he
stayed outside. Aguilar, slip opinion at 19-20. At the guilt phase of trial, the nine-year-old
eye-witness testified that applicant and the declarant had murdered his parents. We held that
there was no error. Crawford v. Washington, 541 U.S. 36 (2004), was not an available legal
basis to support a claim when applicant filed his initial application for writ of habeas corpus. 
This claim was raised and rejected on direct appeal before Crawford was decided.

 The vast majority of federal circuit courts have held that Crawford is not retroactive
in collateral proceedings. Bintz v. Bertrand, 403 F.3d 859 (7th Cir.), cert. denied, 126 S. Ct.
174 (2005); Brown v. Uphoff, 381 F.3d 1219 (10th Cir. 2004), cert. denied, 125 S. Ct. 940
(2005); Mungo v. Duncan, 393 F.3d 327 (2d Cir. 2004), cert. denied, 125 S. Ct. 1936 (2005);
Espy v. Massac, 443 F.3d 1362 (11th Cir. 2006); Lave v. Dretke, 444 F.3d 333 (5th Cir.
2006); Evans v. Luebbers, 371 F.3d 438 (8th Cir. 2004), cert. denied, 543 U.S. 1067 (2005);
McGonagle v. United States, 137 Fed. Appx. 373, 2005 U.S. App. LEXIS 14305 (1st Cir.
July 8, 2005), cert. denied, 126 S. Ct. 506 (2005) (not published). The Ninth Circuit,
however, has held that Crawford does apply retroactively. Bockting v. Bayer, 399 F.3d 1010,
1012 (9th Cir. 2005), cert. granted, No. 05-595, 2006 U.S. LEXIS 3934 (May 15, 2006). The
United States Supreme Court granted certiorari in that case. In accord with the weight of
available authority, we conclude that Crawford is not retroactive in this case.

 Applicant also advances the Eighth Amendment claim, alleging that the chemical
protocol used for lethal injection "threatens infliction of unnecessary pain" if some mistakes
might occur in the process. Applicant has failed to make a prima facie showing that the
lethal injection protocol of the Texas Department of Criminal Justice violates the Eighth
Amendment.

 Therefore, applicant's subsequent application for writ of habeas corpus is dismissed
and the motion for stay of execution is denied.

IT IS SO ORDERED THIS THE 22ND DAY OF MAY, 2006.

Do Not Publish