Submitted on record and briefs May 15, affirmed July 5, petition for review denied September 19, 2006 (341 Or 392)

KEITH ALAN McDONALD,
*Appellant,*

*v.*

Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

05C-15755; A129982

138 P3d 895

James N. Varner filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jennifer S. Lloyd, Attorney-In-Charge,

Collateral Remedies and Capital Appeals, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Rosenblum, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioner appeals from a judgment dismissing his petition for post-conviction relief that alleged claims predicated on *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). We affirm without further discussion the dismissal of petitioner's *Blakely*-based claims. *See Lutz v. Hill*, 205 Or App 252, 134 P3d 1003 (2006). For the reasons that follow, we also affirm the dismissal of petitioner's *Crawford*-based claims.

This appeal arises from the allowance of a motion to dismiss; accordingly, we assume the truth of the petition's allegations. *L. H. Morris Electric v. Hyundai Semiconductor*, 187 Or App 32, 35, 66 P3d 509 (2003) (when reviewing an ORCP 21 motion to dismiss for failure to state a claim, "[w]e assume the truth of all allegations in the pleading"); *see Palmer v. State of Oregon*, 121 Or App 377, 381, 854 P2d 955 (1993), *aff'd*, 318 Or 352, 867 P2d 1368 (1994) (applying same standard in post-conviction setting). In May 1997, petitioner was convicted of 10 crimes, all involving assault or criminal mistreatment. The trial court then imposed an upward departure sentence with respect to at least one of those convictions. In imposing sentence, the trial court considered hearsay statements in the presentence investigative report (PSI). On October 9, 1998, the appellate judgment on petitioner's unsuccessful direct appeal issued.

On March 8, 2004, the United States Supreme Court decided *Crawford*. On June 9, 2005, petitioner filed his petition for post-conviction relief.[1] Relying on *Crawford*, petitioner alleged that the criminal trial court had unconstitutionally imposed sentence because

"[t]he sentencing judge considered out-of-court statements by witnesses, embodied within the State's [PSI] without finding that the witnesses were unavailable and without affording petitioner an opportunity to cross-examine those witnesses."

---

[1] Petitioner had not filed any prior petition for post-conviction relief.

Petitioner further, and alternatively, alleged that criminal trial counsel had been unconstitutionally inadequate because

"[t]rial counsel failed to object to the trial court's consideration of out-of-court statements by witnesses, embodied within the State's [PSI] without finding that the witnesses were unavailable and without affording petitioner an opportunity to cross-examine those witnesses."

Defendant moved to dismiss, arguing, in part, that the petition was time barred because the "savings clause" of ORS 138.510(3) was not applicable[2] and *Crawford* did not announce a "watershed rule of criminal procedure" to be accorded retroactive application. Defendant further argued that, in all events, *Crawford* is inapposite to "judicial fact-finding at the time of sentencing, after defendant is convicted and is no longer an accused." The trial court granted the motion to dismiss.

■  On appeal, petitioner reiterates his arguments that the trial court unconstitutionally imposed sentence because the court's consideration of hearsay statements in the PSI "violated [petitioner's] rights under the Confrontation Clause, as explained in *Crawford*" and that "*Crawford* should be applied retroactively" because it announced a "watershed rule of criminal procedure." Petitioner further argues that counsel was unconstitutionally inadequate for failing to raise an objection under the Confrontation Clause to the court's consideration of the hearsay statements and that that claim is cognizable under the "savings clause" of ORS 138.510(3).

We begin with petitioner's "unconstitutional sentencing" claim. Even assuming, without deciding, that

---

[2] ORS 138.510(3) provides:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts."

As noted, the appellate judgment in petitioner's direct appeal was entered on October 9, 1998.

*Crawford* announced a "watershed rule of criminal procedure,"[3] *Crawford*'s requirements do not apply to sentencing proceedings.

In *Crawford*, the court held that the Confrontation Clause of the Sixth Amendment[4] bars the admissibility in criminal trials of "testimonial" out-of-court statements by declarants who are not available to testify at trial unless the defendant has had a prior opportunity to cross-examine the declarant. 541 US at 50-52. *Crawford*, by its terms, applied to the admission of hearsay in criminal trials. Nothing in *Crawford* suggests that it should be extended to sentencing proceedings.

That is consistent with Supreme Court precedent holding that there is no Sixth Amendment right to confrontation at sentencing. *See Williams v. Oklahoma*, 358 US 576, 584, 79 S Ct 421, 3 L Ed 2d 516 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court * * *."). Indeed, every federal court of appeals that has addressed the question in a published opinion has held that *Crawford*'s requirements do not apply to sentencing proceedings. *United States v. Martinez*, 413 F3d 239, 242-43 (2d Cir 2005), *cert den*, 126 S Ct 1086 (2006), is exemplary:

"Both the Supreme Court and this Court * * * have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings. * * * [The defendant] argues that we must reconsider our case

[3] That proposition is dubious. Although the Ninth Circuit has so characterized *Crawford*, *see Bockting and Bayer*, 399 F3d 1010, *amended on denial of reh'g*, 408 F3d 1127 (9th Cir 2005), *cert granted*, 126 S Ct 2017 (2006), at least six other federal courts of appeals have held to the contrary. *See Mungo v. Duncan*, 393 F3d 327, 336 (2d Cir 2004), *cert den*, 544 US 1002 (2005); *Lave v. Dretke*, 444 F3d 333, 336 (5th Cir 2006); *Dorchy v. Jones*, 398 F3d 783, 788 (6th Cir 2005); *Murillo v. Frank*, 402 F3d 786, 790 (7th Cir 2005); *Brown v. Uphoff*, 381 F3d 1219, 1226-27 (10th Cir 2004), *cert den*, 543 US 1079 (2005); *Espy v. Massac*, 443 F3d 1362, 1367 (11th Cir 2006).

[4] The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

> law regarding the right of confrontation in the sentencing context to the extent that it conflicts with [*Crawford*]. [Nothing in *Crawford*] addressed the applicability of the right of confrontation to the sentencing context or the admissibility of hearsay testimony at sentencing proceedings. [*Crawford*] therefore provide[s] no basis to question prior Supreme Court decisions that expressly approved the consideration of out-of-court statements at sentencing."

(Citations and footnote omitted.) *See also United States v. Luciano*, 414 F3d 174, 178-80 (1st Cir 2005) ("Prior to *Crawford*, this court held that the Sixth Amendment right to confront witnesses does not apply at sentencing. * * * *Crawford* concerned 'testimonial hearsay' that was introduced at trial. * * * Nothing in *Crawford* requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing." (Citations omitted.)); *United States v. Littlesun*, 444 F3d 1196, 1200 (9th Cir 2006) ("[T]he law on hearsay at sentencing is still what it was before *Crawford*: hearsay is admissible at sentencing, so long as it is accompanied by some minimal indicia of reliability." (Footnote omitted; internal quotation marks omitted.)); *United States v. Baker*, 432 F3d 1189, 1254 n 68 (11th Cir 2005), *cert den*, 126 S Ct 1809 (2006) ("*Crawford* does not address the use of hearsay, testimonial or otherwise, at sentencing, and we will not extend its holding to the sentencing context to overrule [a pre-*Crawford* case] without further guidance." (Citations omitted.)); *see also United States v. Stone*, 432 F3d 651, 654 (6th Cir 2005); *United States v. Roche*, 415 F3d 614, 618 (7th Cir 2005), *cert den*, 126 S Ct 671 (2005).

We adopt the reasoning of those courts as persuasive. Accordingly, petitioner's "unconstitutional sentencing" claim fails.

We turn, finally, to petitioner's claim that his criminal trial counsel in 1997 was unconstitutionally inadequate for failing to raise a *Crawford*-like objection to the trial court's consideration of the hearsay statements in the PSI. That claim fails for any of three reasons. First, that claim is time barred under ORS 138.510(3). As we explained in a directly analogous case, involving a *Blakely*-based claim of inadequate assistance of counsel:

"[T]he factual premise of petitioner's invocation of the 'escape clauses' in ORS 138.510(3) and ORS 138.550(3), *viz.*, that his present claim 'could not reasonably have been raised' before *Blakely*, is irreconcilable with the factual premise of his claim of inadequate assistance of counsel, *viz.*, that, as of 1998, reasonable criminal defense counsel would have anticipated *Blakely* and raised a *Blakely*-like challenge to the imposition of the departure sentence and the consecutive sentences. Although it *may* be abstractly possible, in some case, that an otherwise time-barred claim of inadequate assistance of counsel could be cognizable under the 'escape clauses,' this is not such a case. Bluntly, post-conviction petitioners in this petitioner's position are statutorily 'whipsawed.' "

*Lutz*, 205 Or App at 256 (emphasis in original).

■ Second, counsel's failure in 1997 to anticipate *Crawford* did not constitute unconstitutionally inadequate assistance of counsel. *Cf. Miller v. Lampert*, 340 Or 1, 13-17, 125 P3d 1260 (2006) (where the petitioner's enhanced dangerous offender sentence had been imposed in August 1998, criminal defense counsel was not unconstitutionally inadequate in failing to anticipate *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), based on the then-existing state of the law, including *Almendarez-Torres v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998), and *McMillan v. Pennsylvania*, 477 US 79, 106 S Ct 2411, 91 L Ed 2d 67 (1986)). Finally, as noted, *Crawford* does not apply to sentencing proceedings.

Affirmed.