[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15826
Non-Argument Calendar

_____

D. C. Docket Nos. 04-00382-CV-4-WS & 92-04013-CR-4-W

MICHAEL W. MORGAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 13, 2006)**

Before TJOFLAT, ANDERSON  and BLACK, Circuit Judges.

PER CURIAM:

Michael W. Morgan, a federal prisoner, appeals the district court's dismissal

as time-barred of his pro se motion to vacate sentence, brought pursuant to 28 U.S.C. § 2255. On appeal, Morgan argues that Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the case on which he relies to support the claim on which we granted a COA, is a "new rule" of constitutional law that applies retroactively to cases on collateral review because it falls within one of the Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), exceptions to the general bar on retroactivity. He argues that he timely filed his motion pursuant to 28 U.S.C. § 2255 ¶ 6(3) because (1) he filed the motion within one year of the date the Supreme Court released its Crawford decision, (2) the Crawford decision amounted to a "right has been newly recognized by the Supreme Court," and (3) Crawford applies retroactively to cases on collateral review.

"On appeal, we review a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo." McCarthy v. United States, 320 F.3d 1230, 1231-32 (11th Cir. 2003). We conclude that Morgan's appeal must be denied for at least two reasons: (1) he failed to fairly present his Crawford argument in the district court; and (2) his motion is time-barred.

## I.

In his COA application to this Court, Morgan alleged for the first time that

he suffered Crawford error because the prosecution presented out-of-court statements offered for the truth of the matter by a police officer who told the investigating officer both that Morgan was the "enforcer" of a drug ring and that the declarant provided Morgan with information about police activities. However, we decline to consider this argument because it was not presented to the district court.

Morgan's amended § 2255 motion submitted to the district court identified no facts to support his allegations of Crawford error. Instead, it asserted only that "the Government presented testimonial statements of several witnesses who, although available, [were] not called to testify by the Government." In his Report and Recommendation, the magistrate judge stated that Morgan's failure to identify specific witnesses and actual testimony was fatal to his efforts to claim Crawford error. When Morgan submitted his objections to the Report and Recommendation, he did not respond to the magistrate judge's statements and again failed to allege any facts supporting his claim of Crawford error.

We deem arguments not raised below to have been waived on appeal unless one of five exceptions have been met. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). The exceptions are: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the

appellant is raising an objection to an order which he had no opportunity to raise at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. Narey, 32 F.3d at 1526-27.

The only exception of possible relevance to this case is the third. We recognize that because Morgan is a pro se litigant, his filings should not be held to the standards applicable to practicing lawyers. But in this case, the defect in Morgan's claim was pointed out to him by the magistrate judge and Morgan had the opportunity to correct the error but did not do so. Thus, the failure to correct the defect reflects Morgan's lack of diligence, not his lack of legal acumen. Thus, we conclude that the interest of substantial justice does not demand that Morgan's appeal be heard.

## II.

Even if Morgan had presented his Crawford claim, it would be time-barred. Pursuant to 28 U.S.C. § 2255,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

However, there is a one-year period of limitations within which a federal prisoner can file a § 2255 motion. 28 U.S.C. § 2255 ¶ 6. This one-year period of limitation for filing a § 2255 motion runs from the latest of either:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The Supreme Court held in Crawford that "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is . . . confrontation." 541 U.S. at 68-69, 124 S.Ct. at 1374. This holding abrogated Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), which had allowed the admission of an unavailable witness's statement against a criminal defendant if the statement bore adequate indicia of reliability, a test met when the evidence either fell within a firmly rooted hearsay exception or bore

5

particularized guarantees of trustworthiness. <u>Crawford</u>, 541 U.S. at 680-69, 124 S.Ct. at 1374. In <u>Crawford</u>, the Court established a rule that, "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." <u>Id.</u> at 68, 124 S.Ct. at 1374.

The general rule is that new constitutional rules of criminal procedure will not be retroactively applicable to those cases that have become final before the new rules are announced. <u>Teague</u>, 489 U.S. at 309-11, 109 S.Ct. at 1075-76. The two exceptions to this rule provide that the new rule applies retroactively if: (1) it places certain conduct beyond the power of the criminal law-making authority to proscribe or (2) it requires the observance of those procedures that are implicit in the concept of ordered liberty. <u>Id.</u> at 311-14, 109 S.Ct. at 1075-77. The application of the second exception is limited to watershed rules of criminal procedure, without which the likelihood of an accurate conviction is seriously diminished. <u>Id.</u> at 311, 313, 109 S.Ct. at 1075-76.

We recently held that <u>Crawford</u> established a new rule of criminal procedure. <u>Espy v. Massac</u>, 443 F.3d 1362, 1366 (11th Cir. 2006) (addressing the issue of whether <u>Crawford</u> applies retroactively in the context of a 28 U.S.C. § 2254 habeas petition). However, we concluded that, although the rule announced

6

in Crawford impacted the accuracy of criminal convictions, it did not qualify as a "watershed" rule, but rather "merely altered the existing regime." Id. at 1367. Accordingly, we held that Crawford did not apply retroactively to cases on collateral review. Id. This appears to be the majority position among our sister circuits. Id. (noting that the First, Second, Sixth, Seventh, Eighth and Tenth Circuits have either held or suggested that Crawford does not apply retroactively but that the Ninth Circuit has adopted the contrary position).

Based on our holding in Espy, we hold that Crawford does not apply retroactively to cases on collateral review in the context of an initial § 2255 motion. See Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (stating that the principles developed in § 2254 habeas cases also apply to § 2255 motions). Since Crawford does not apply retroactively, the district court correctly found that 28 U.S.C. § 2255 ¶ 6(3) did not trigger Morgan's statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996.

We note that the Supreme Court has granted certiorari in the Ninth Circuit case adopting the position contrary to our own. Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005), cert. granted sub nom. Whorton v. Bockting, 126 S.Ct. 2017 (May 15, 2006). However, until the Supreme Court holds otherwise, we are bound by our prior holding in Espy. See, e.g., Ritter v. Smith, 811 F.2d 1398, 1404-05 (11th

7

Cir. 1987) ("it is well established that the grant of certiorari has no precedential value"). Accordingly, we affirm the district court's denial of Morgan's § 2255 motion.

**AFFIRMED.**