[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16092
Non-Argument Calendar

_____

D. C. Docket No. 04-00426-CV-3-MCR/MD

LOMAX SALTER,

Petitioner-Appellant,

versus

JAMES R. MCDONOUGH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 29, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Florida state prisoner Appellant Lomax Salter, proceeding *pro se*, appeals

the denial of his petition for federal habeas relief, filed pursuant to 28 U.S.C. § 2254. In his petition, Salter asserted, *inter alia*, that he was denied the effective assistance of counsel because his trial counsel permitted the prior testimony of a defense witness from Salter's first trial to be read into evidence by the State at his second trial, instead of requiring the witness to testify in person.

Salter was convicted in state court of first-degree premeditated murder, kidnapping, and robbery, and sentenced to a term of life imprisonment. During his direct appeal, his counsel petitioned to withdraw from representation, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Salter's conviction was affirmed. Thereafter, Salter filed a motion for post-conviction relief in state court, in which he alleged that his counsel was ineffective for not objecting properly to the introduction of the witness's prior testimony and allowing the testimony to be read to the jury. The state habeas court concluded that Salter's claim was a "restyling" of a claim that should have been raised on direct appeal and ruled that the claim had been procedurally defaulted under Florida law. The state appellate court affirmed.

Salter filed a § 2254 petition in the Northern District of Florida. The district court denied Salter's claim on the merits after determining that the trial transcript had demonstrated that Salter's counsel had objected to the prior testimony on

2

hearsay grounds. We granted a Certificate of Appealability ("COA"), then vacated the district court's ruling because it violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992). On remand, the district court resolved Salter's ineffective-assistance-of-counsel claim on different grounds. The court divided Salter's ineffective-assistance-of-counsel claim into two aspects: (1) counsel's alleged deficiency in objecting to the admissibility of the substance of the witness's testimony; and (2) counsel's alleged deficiency in failing to require the State to produce the witness by stipulating that the transcript of her prior testimony could be read into evidence. The district court found that the first aspect of the claim had been contemplated by the state court, which had found it to be procedurally defaulted. As to the second aspect of the claim, the district court determined that the state court had not considered it. After a *de novo* review, the district court ruled that Salter's claim was not procedurally barred, but that he had failed to show that his attorney's alleged deficiency had prejudiced him. Upon Salter's motion to this court, we granted a COA to review, "Whether trial counsel was ineffective for permitting the prior trial testimony of an available witness to be read into evidence, thus depriving appellant of his Sixth Amendment right to cross-examine the witness?"

On appeal, Salter presents a similar argument to that raised before the district court. Salter argues that his counsel was ineffective because he failed to object to the admission of the prior testimony on the proper hearsay ground. Salter additionally argues that his counsel was ineffective where, after the prior testimony was ruled admissible, he allowed the testimony to be read to the jury, rather than requiring the State to call the witness, which would have subjected the witness to cross-examination. Salter argues that his counsel's conduct violated his rights under the confrontation clause and, for support, cites to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004).[1]

With respect to Salter's claim that his counsel was ineffective for failing to object to the testimony on the proper hearsay ground, that issue is outside the scope of the COA and will not be considered. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

With regard to the second aspect of Salter's ineffective-assistance-of-counsel claim, the district court's findings are a mixed question of law and fact that we review *de novo*. *Osborne v. Terry*, 466 F.3d 1298, 1304-05 (11th Cir. 2006), *petition for cert. filed*, (U.S. May 10, 2007) (06-11285). Ordinarily, a district court

---

[1]In his brief, Salter alleges that his counsel was deficient for not moving for a judgment of acquittal and that the evidence was insufficient to convict. Because these arguments are outside the scope of the COA, they will not be considered. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

is instructed to review the state court's ruling with deference. *See Id.* at 1305; 28 U.S.C. § 2254(d). However, we have held that deference is not given to a state court opinion where the state court failed to resolve the merits of the claim. *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003). Because the state court issued no ruling on this aspect of the claim, the district court correctly reviewed the state court proceedings *de novo*. *Id.*

The clearly established standard in federal law for ineffective-assistance-of-counsel claims requires a petitioner to "show (1) that counsel's performance was deficient and (2) that the deficiency prejudiced him." *Lynd v. Terry*, 470 F.3d 1308, 1315 (11th Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). Counsel performs deficiently where his conduct "falls below an objective standard of reasonableness, in that it is outside the wide range of professionally competent assistance." *Id.* (quotations and citations omitted). For deficient performance to be deemed prejudicial, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different." *Id.* (citation omitted). A reasonable probability is a probability, based on the totality of the evidence before the finder of fact, that is "sufficient to undermine confidence in the outcome." *Id.* at 1315-16 (citation omitted); *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002). We

5

have held that "[t]he decision as to whether to cross-examine a witness is 'a tactical one well within the discretion of the defense attorney,'" and "[a]bsent a showing of 'a single specific instance where cross-examination arguably could have affected the outcome of . . . the trial,' the petitioner is unable to show prejudice necessary to satisfy the second prong of *Strickland*." *Fugate v. Head*, 261 F.3d 1206, 1219 (11th Cir. 2001) (citation omitted). Although the *Strickland* test consists of two components, their application is not sequential, and we need not consider both components if the petitioner makes an insufficient showing as to one component. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Salter argues that his counsel's decision to read the prior testimony into the record was deficient because counsel violated his rights under the confrontation clause by depriving him of an opportunity to cross-examine the witness or for the jury to assess her credibility. Although Salter cites to *Crawford*, that opinion is unavailing because Salter's case predates *Crawford*, and we have held that *Crawford* is not to be applied retroactively on collateral review. *Espy v. Massac*, 443 F.3d 1362, 1367 (11th Cir. 2006).

Moreover, it is unnecessary to delve into whether Salter's counsel performed deficiently because Salter has failed to present any evidence of prejudice. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. Salter does not explain what he

hoped to elicit during a cross-examination of the witness, or what, if anything, the jury would gain by listening to her testimony live. He also fails to explain how the outcome of his trial would have differed had Banning testified in person. *See Fugate*, 261 F.3d at 1219. Salter even admits that "[i]t's difficult to state the degree of prejudice to [his] defense" caused by his counsel's decision. Thus, because Salter has failed to show how he was prejudiced by his counsel's decision to allow the prior testimony to be read to the jury, we affirm the district court's denial of habeas relief.

**AFFIRMED.**