[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13763
Non-Argument Calendar
_____

D.C. Docket No. 4:92-cr-04013-WS-CAS-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL W. MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 7, 2018)

Before JORDAN, FAY and HULL, Circuit Judges.

PER CURIAM:

Michael W. Morgan appeals his sentence for conspiracy to commit racketeering, racketeering, possession of cocaine base with intent to distribute, and malicious destruction of property resulting in the death of a Florida Highway Patrol Trooper.  We affirm.

## I. BACKGROUND

In 1993, a jury found Morgan guilty of conspiracy to commit racketeering, in violation of 18 U.S.C. § 1962(c) (Count 1); racketeering, in violation of 18 U.S.C. § 1961(1), (5) (Count 2); three counts of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Counts 9-11); and malicious destruction of property resulting in the death of a Florida Highway Patrol Trooper, in violation of 18 U.S.C. § 844(i) (Count 28).  The jury found that the government had proven seven underlying acts of racketeering, including the murder of another drug dealer, Alphonso Tillman.  The district court originally sentenced Morgan to life imprisonment as to Counts 1-2 and 9-10, 40 years of imprisonment as to Count 11, and 288 months of imprisonment as to Count 28, all terms to run concurrently.  His convictions were affirmed on direct appeal.  *See United States v. Mothersill*, 87 F.3d 1214, 1217 (11th Cir. 1996).

In 2004, Morgan filed a 28 U.S.C. § 2255 motion to vacate, which the district court dismissed as untimely.  He appealed the dismissal of his motion; this court affirmed.  *Morgan v. United States*, 195 F. App'x 924 (11th Cir. 2006).

2

In 2016, Morgan sought this court's leave to file a successive § 2255 motion. In his application, he argued that he was a juvenile when the relevant conduct occurred and, in light of the Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), his life sentence was unconstitutional. This court granted Morgan's application. Morgan then filed a successive § 2255 motion to vacate, arguing that he must be resentenced, because his mandatory life sentence without parole violated *Miller*. The government agreed that he was entitled to resentencing, and the district court granted the § 2255 motion to allow resentencing in light of *Miller*.

At his resentencing, the district court stated that when it had first sentenced Morgan in 1993, it was precluded from considering his youth, personal characteristics, the circumstances of the crime, and other factors. The court then noted that it was required to consider those factors at his resentencing. It stated that he reported a lack of adult supervision when he was a child, making him more susceptible to being influenced by older individuals. He had an IQ of 67 and was diagnosed with mild intellectual disability. He also suffered from the most severe form of sickle cell anemia. The court also noted that Morgan had received numerous disciplinary reports while in prison, but had participated in some education and self-improvement classes.

3

The court stated that Morgan's crimes were "abhorrent," but given "his low IQ, his lack of youthful guidance, his history of substance abuse, and his status as a deportable alien," the court found that a below-Guidelines sentence was appropriate. The court sentenced Morgan to a term of 420 months of imprisonment as to Counts 1, 2, and 9-11, and 288 months of imprisonment as to Count 28, all counts to run concurrently. The court stated that his total sentence took into account the seriousness of his criminal conduct and his personal characteristics. It then ordered that he receive credit for time served starting from the time of his original arrest and his total sentence would run concurrently with his sentence from his state-court conviction. The court then found that the 420-month or 35-year total sentence was sufficient, but not greater than necessary to comply with the purposes of sentencing, and it had fully considered the 18 U.S.C. § 3553(a) factors.

The court then asked the parties if they had any objections to its findings of fact, conclusions of law, or Morgan's total sentence. Morgan said he was grateful for the reduction in his total sentence, but stated that it was still greater than necessary. The court overruled his objection.

On appeal, Morgan argues that his 420-month total sentence is substantively unreasonable, because the court did not adequately consider his age at the time of the offenses, his intellectual capacity, and his health condition at the time of

4

sentencing.  He also asserts that his total sentence amounts to cruel and unusual punishment, in violation of the Eighth Amendment.

## II. DISCUSSION

We generally review de novo the legality of a sentence under the Eighth Amendment.  *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012).  However, if a defendant fails to object on these grounds before the district court, we review only for plain error.  *Id.*  To establish plain error, the defendant must show that "there is (1) error (2) that is plain and (3) that affects substantial rights." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003) (quotation omitted).  Further, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *Id.* at 1291.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The substantive reasonableness of a sentence is determined in light of the totality of the circumstances; we will not vacate a sentence as substantively unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences.  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

5

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. In non-capital cases, the defendant must first show that the sentence was grossly disproportionate to the offense. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). In general, a sentence within the statutory limits for an offense is not grossly disproportionate. *Id.*

The Eighth Amendment prohibits the execution of individuals who were under 18 years of age at the time of their capital crimes. *Roper v. Simmons*, 543 U.S. 551, 568, 125 S. Ct. 1183, 1195 (2005). The Supreme Court has also held that "the Eighth Amendment prohibits a State from imposing a life without parole sentence on a juvenile nonhomicide offender." *Graham v. Florida*, 560 U.S. 48, 75, 130 S. Ct. 2011, 2030 (2010). The Supreme Court later held that the Eighth Amendment prohibits a sentencing scheme that mandates a sentence of life without parole for juveniles convicted of homicide. *Miller*, 567 U.S. at 489, 132 S. Ct. at 2475.

"The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over others." *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) (quotation omitted). Ultimately, the sentence imposed must be sufficient, but not greater than necessary, to satisfy the purposes for sentencing set out in § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for the sentence to: (1) reflect the seriousness of the offense,

6

promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; and (3) protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)-(C).  Additionally, although we have not adopted a presumption that a sentence within the Guidelines range is reasonable, it has stated that it would ordinarily expect a sentence within the Guidelines range to be reasonable.  *United States v. Joseph*, 709 F.3d 1082, 1105 (11th Cir. 2013).

We have rejected the argument that a defendant's total sentence was substantively unreasonable because it "effectively amount[ed] to a life sentence." *Id.*  In *Joseph*, the statutory penalty and the Sentencing Guidelines permitted a "much more severe sentence of imprisonment," and the district court, therefore, did not abuse its discretion when it sentenced the defendant at the low end of his Guidelines range.  *Id.*

Morgan did not raise his Eighth Amendment arguments before the district court; accordingly, we review them for plain error.  *McGarity*, 669 F.3d at 1255. Despite Morgan's arguments to the contrary, no statute or binding precedent specifically foreclosed the district court from imposing a 420-month total sentence. *See Lejarde-Rada*, 319 F.3d at 1290.  Because he did not receive the death penalty, *Roper* does not apply.  *Roper*, 543 U.S. at 568, 125 S. Ct. at 1195.  *Graham* does not apply because his racketeering offense included Tillman's murder and,

therefore, was not a non-homicide offense.  *See Graham*, 560 U.S. at 75, 130 S. Ct. at 2030.  *Miller* does not apply because he did not receive a life sentence and, even if his total sentence effectively amounts to one, it was not mandatory.  *See Miller*, 567 U.S. at 489, 132 S. Ct. at 2475.  Rather, the district court considered a variety of factors and chose a sentence that was below his Guidelines range.  Finally, no precedent establishes that his total sentence was grossly disproportionate to the offense.  *Johnson*, 451 F.3d at 1243.

Morgan also has not shown that the district court abused its discretion by imposing a substantively unreasonable total sentence.  Although he has argued that his health may not allow him to survive until the expiration of his total sentence, the court was not required to place determinative weight on that factor.  *Dougherty*, 754 F.3d at 1361.  While his Guidelines range of life imprisonment permitted a much more severe total sentence, the court considered a variety of factors and varied downward to impose a total sentence of 420 months of imprisonment.

**AFFIRMED.**