Argued and submitted September 15, 2015, affirmed April 12, 2017

STERLING RAY CUNIO,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
13C16780; A155036

395 P3d 25

Ryan T. O'Connor argued the cause for appellant. With him on the briefs was O'Connor Weber LLP.

Erin Galli, Assistant Attorney General, argued the cause for respondent. On the brief were Frederick M. Boss, Deputy Attorney General, Anna M. Joyce, Solicitor General, and James Aaron, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.*

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

### SERCOMBE, P. J.

This case presents similar issues to those we considered in *Kinkel v. Persson*, 276 Or App 427, 367 P3d 956, *rev allowed*, 359 Or 525 (2016). In 1994, when he was 16 years old, petitioner participated in the kidnapping, robbery, and killing of two people. He was waived into adult court and, based on a stipulated facts trial, was convicted of two counts of aggravated murder, two counts of first-degree kidnapping, and two counts of first-degree robbery. Following a sentencing hearing, the trial court sentenced petitioner to two consecutive indeterminate life sentences plus 280 months in prison. Following the United States Supreme Court's decision in *Miller v. Alabama*, 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), petitioner sought post-conviction relief in a successive post-conviction petition. The post-conviction court concluded that petitioner was procedurally barred under the Post-Conviction Hearing Act from bringing his claims in this case. Accordingly, the court granted the superintendent's motion for summary judgment and dismissed the petition with prejudice. On appeal from the resulting judgment, we conclude, as we did in *Kinkel*, that the "statutory rule against successive petitions" bars petitioner from raising the grounds for relief set forth in his petition in this case. *Kinkel*, 276 Or App at 429-30. Accordingly, we affirm the judgment of the post-conviction court.

The relevant facts are not in dispute. In January 1994, when petitioner was 16 years old, petitioner and his friend Hill kidnapped and murdered two people, 18-year-old Camber and 21-year-old Dahl. At gunpoint, petitioner and Hill forced Camber into the passenger seat of her car and Dahl into a back seat in the vehicle. Both petitioner and Hill got into the car with the victims, and petitioner then drove the vehicle from Salem to the Albany area. Along the way, petitioner and Hill ordered the victims to give them items of personal property, including a wallet and jewelry. After stopping the car at a park near Albany, petitioner and Hill ordered the victims to get out of the car and lie down in the road. Petitioner then shot and killed Dahl; Hill shot and killed Camber. Petitioner and Hill later used Camber's vehicle to drive to Dahl's apartment in Salem, which they burglarized. Petitioner and Hill were arrested that same

day. As noted, following a stipulated facts trial and a sentencing hearing, petitioner was convicted of two counts of aggravated murder, two counts of first-degree kidnapping, and two counts of first-degree robbery, and was sentenced to two consecutive life sentences followed by a total of 280 months in prison. We affirmed the trial court's judgment without opinion on direct appeal, and the Supreme Court denied review. *See State v. Cunio*, 138 Or App 375, 907 P2d 1141 (1995), *rev den*, 322 Or 613 (1996).

In 1997, petitioner filed a petition for post-conviction relief, requesting that the judgment of conviction be set aside and the sentences be vacated. In his petition, he asserted a number of grounds on which he sought relief. Among other grounds, petitioner asserted that the sentence imposed in his case was illegal as the sentencing court "imposed an excessive and improper sentence when it sentenced Petitioner to two consecutive life sentences as a 17 year old." He also asserted that the court imposed an illegal sentence on him, "a juvenile, when it sentenced him under the guidelines *** in violation of ORS 161.620."[1] The post-conviction court denied relief and, on appeal from the post-conviction judgment, we affirmed and the Supreme Court, again, denied review. *See Cunio v. Thompson*, 172 Or App 296, 19 P3d 389, *rev den*, 332 Or 56 (2001).

Petitioner filed a successive petition for post-conviction relief in 2005. Again, in his 2005 petition for post-conviction relief, petitioner asserted, among other things, that the sentence imposed by the trial court was illegal. In particular, he asserted that, on the aggravated murder counts, the trial court "sentenced petitioner to prison 'for the rest of his natural life' and expressly declined to impose any sort of minimum term," and that those sentences amounted to "true-life sentences" for crimes committed when he was

---

[1] Under ORS 161.620 (1993):

"Notwithstanding any other provision of law, a sentence imposed upon any person waived from the juvenile court under ORS 419C.349, 419C.352, 419C.364 or 419C.370 shall not include any sentence of death or life imprisonment without the possibility of release or parole nor imposition of any mandatory minimum sentence except that a mandatory minimum sentence under ORS 163.105(1)(c) shall be imposed where the person was 17 years of age at the time of the offense."

16 years old, which, petitioner claimed, violated ORS 161.620 and his "federal constitutional rights of due process and equal protection, and to be free from cruel and unusual punishment, under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution." As before, the post-conviction court denied relief, we affirmed without opinion, and the Supreme Court denied review. *See Cunio v. Belleque*, 216 Or App 192, 171 P3d 405 (2007), *rev den*, 345 Or 94 (2008).

In 2012, the United States Supreme Court decided *Miller*, in which it held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." 567 US at 479, 132 S Ct at 2469. According to the Court,

"[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and way the familial and peer pressures may have affected him. * * * And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it."

*Id.* at 477-78, 132 S Ct at 2468.

Also in 2012, the Board of Parole and Post-Prison Supervision held a prison term hearing and issued an order establishing petitioner's prison term for the life sentences. *See State ex rel Engweiler v. Felton*, 350 Or 592, 629, 260 P3d 448 (2011) ("[P]risoners sentenced for aggravated murder are entitled to a parole hearing at which the board must either set a release date or explain why it has chosen not to do so."). The board set a projected release date on those sentences for April 19, 2042, after which petitioner would begin serving the 280 months to which he was sentenced on his kidnapping and robbery convictions.[2]

---

[2] Petitioner's challenge to the board's order is currently pending in *Cunio v. Board of Parole and Post-Prison Supervision*, A155898.

In 2013, petitioner filed his second successive petition for post-conviction relief, claiming that the sentences imposed in the underlying criminal case is unlawful and asking the court to remand the case for new sentencing proceedings "during which the court must impose a sentence consistent with the Oregon and United States Constitutions."[3] In particular, he claimed that the sentences imposed for offenses committed when he was a juvenile violate the Eighth and Fourteenth Amendments to the United States Constitution and Article I, section 15, and Article I, section 16, of the Oregon Constitution because they deny him a meaningful opportunity to establish reformation or rehabilitation, or to be released during his life. He also claimed that his sentences violated ORS 161.620. He claimed that he had been deprived of adequate assistance of trial counsel because counsel did not object to his sentences as unconstitutional in violation of the Eighth and Fourteenth Amendments and Article I, sections 15 and 16. He asserted that he could not have reasonably raised any of his grounds for relief earlier or in a prior proceeding because the United States Supreme Court had not decided *Miller* until 2012, nor had his prison term on the aggravated murder convictions been set until that same year.

---

[3] Under ORS 138.530(1), post-conviction relief is to be granted when a petitioner establishes:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

Furthermore, under ORS 138.540(2),

"[w]hen a person restrained by virtue of a judgment upon a conviction of a crime asserts the illegality of the restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof, relief shall not be available [under the post-conviction relief statutes] but shall be sought by habeas corpus or other remedies, if any, as otherwise provided by law."

The superintendent filed a motion for summary judgment asserting, among other things, that the petition was time barred under ORS 138.510(3) and did not fall within the escape clause under that statute; that is, according to the superintendent, petitioner did not assert claims that could not have reasonably been raised in an earlier petition.[4] Furthermore, the superintendent contended that petitioner was barred from obtaining relief on the grounds set forth in the petition under ORS 138.550(3), because the petition was successive and, again, did not raise claims that could not have been raised in an earlier petition.[5] Indeed, the superintendent pointed out that the petition raised grounds

---

[4] ORS 138.510(3) provides:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

"(c) If a petition for certiorari to the United States Supreme Court is filed, the later of:

"(A) The date of denial of certiorari, if the petition is denied; or

"(B) The date of entry of a final state court judgment following remand from the United States Supreme Court."

[5] ORS 138.550 provides, in part:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in the petition shall be as specified in this section and not otherwise:

"(1) The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available.

"(2) When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section.

that had been raised before. According to the superintendent, there were "no genuine issues of material fact that all claims in the petition are untimely and successive" and, accordingly, the court should enter judgment against petitioner as a matter of law.

Petitioner, for his part, filed a cross-motion for summary judgment asserting that each of his claims "satisfy the escape clauses [in ORS 138.510(3) and ORS 138.550(3)] for late and successive petitions." He asserted that he could not have raised his claims earlier because the United States Supreme Court had not yet decided *Miller*, and that he could not reasonably have anticipated the rule announced in that case. Furthermore, the length of petitioner's prison term on the aggravated murder sentences combined with the consecutive sentences on his other convictions created a de facto life without parole sentence and, according to petitioner, he did not know how long he would spend in prison until his release date on the aggravated murder convictions was set in 2012. For both of those reasons, he asserted that the grounds raised in his petition were not barred under ORS 138.510(3) or ORS 138.550(3). Furthermore, he asserted that "he was entitled to relief on the merits because the 1994 judgment effectively imposed a life sentence without the possibility of release in violation of ORS 161.620, Article I, sections 15 and 16, and the Eighth and Fourteenth Amendments."

The post-conviction court held a hearing on the motions and ultimately concluded that the petition was untimely and successive and that petitioner's grounds for relief did not satisfy the escape clauses in ORS 138.510(3) and ORS 138.550(3), noting that petitioner had previously challenged the legality of his sentence. As noted, the post-conviction court granted the superintendent's motion for summary judgment, denied petitioner's cross-motion, and dismissed the petition with prejudice.

---

"(3) All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

Petitioner renews those contentions on appeal. We decided the same issues in *Kinkel*.[6] In *Kinkel*, we addressed the application of ORS 138.550 in light of the Oregon Supreme Court's decision in *Verduzco v. State of Oregon*, 357 Or 553, 355 P3d 902 (2015). As noted, under ORS 138.550(2), if a petitioner "appealed from a judgment of conviction and if the petitioner could have raised a ground for relief on direct appeal, then the petitioner cannot raise that ground for relief in a post-conviction petition 'unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding.'" *Verduzco*, 357 Or at 565 (quoting ORS 138.550(2)). And, under ORS 138.550(3), "all grounds for relief must be raised in the original or amended petition for post-conviction relief unless the post-conviction court 'on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.'" *Id.* (quoting ORS 138.550(3)).

> "Those two statutory provisions 'express a complete thought' and, read together, 'express the legislature's determination that, when a petitioner has appealed and also has filed a post-conviction petition, the petitioner must raise all grounds for relief that reasonably could be asserted.' A 'failure to do so will bar a petitioner from later raising an omitted ground for relief.'"

*Kinkel*, 276 Or App at 440 (quoting *Verduzco*, 357 Or at 565).

In *Verduzco*, the court considered the effect of the prohibition against successive petitions in ORS 138.550(2) and (3). As we explained in *Kinkel*:

> "In that case, the petitioner filed a successive petition for post-conviction relief, alleging that counsel in the

---

[6] In their briefs, with respect to the merits of petitioner's constitutional challenges to his sentence, the parties make arguments regarding whether *Miller* applies retroactively. In *Montgomery v. Louisiana*, ___ US ___, 136 S Ct 718, 732, 193 L Ed 2d 599 (2016), the United States Supreme Court explained that "*Miller* announced a substantive rule that is retroactive in cases on collateral review." However, as we stated in *Kinkel*, "[w]e do not interpret *Montgomery* to preclude operation of ORS 138.510(3) or ORS 138.550(2) and (3)." 276 Or App at 438 n 6. In other words, whether petitioner would be entitled to relief on the merits if his petition were permitted under the statutes does not affect our consideration, in the first instance, of whether petitioner's successive petition is procedurally barred by ORS 138.550. *See id.*

underlying criminal proceeding had been ineffective for failing to advise him of the immigration consequences of pleading guilty to distribution of a controlled substance, and that his plea was invalid because the trial court had also failed to give him that advice. In an earlier post-conviction petition, the petitioner had alleged essentially the same grounds for relief. His earlier petition had been denied; that judgment was affirmed on appeal and the Supreme Court denied review. Thereafter, the United States Supreme Court decided *Padilla v. Kentucky*, 559 US 356, 366-67, 130 S Ct 1473, 176 L Ed 2d 284 (2010), in which it decided that, 'when the deportation consequence [of a conviction] is truly clear, as it was in this case, the duty to give correct advice is equally clear,' and the failure to give such advice amounts to a violation of the Sixth Amendment to the United States Constitution. In support of his successive petition, the petitioner contended that he could not have raised his current claims for relief until after the Court announced its decision in *Padilla*. It follows, he concluded, that the change in the law brought his claims within the escape clauses in ORS 138.510 and ORS 138.550. *Verduzco*, 357 Or at 561. Based on its interpretation of ORS 138.550, the court rejected that contention."

276 Or App at 440-41 (brackets in original).

In the circumstances presented, "the court ultimately concluded that it did not need to decide whether the petitioner reasonably could have earlier raised his claims because the petitioner, *in fact*, had raised his constitutional claims" in his earlier petition for post-conviction relief. *Id.* at 442 (emphasis in original). Because he had earlier raised those grounds for relief,

"the court concluded that petitioner could not 'claim that he could not reasonably have raised them.' [*Verduzco*, 357 Or] at 573. Although the petitioner had been unsuccessful in his claim the first time around, '[t]he escape clause does not preclude petitioner from relitigating only those grounds for relief that he was certain he could win when he filed his first post-conviction petition.' *Id.* In other words, the fact that, in an earlier appeal or petition for post-conviction relief, a petitioner unsuccessfully raised a ground for relief that would have been successful under later case law does not bring a claim for relief within the escape clauses of ORS 138.550(2) and (3). On the contrary, the fact that a

petitioner earlier raised the same ground for relief demonstrates that that ground for relief *could* reasonably have been raised on appeal or in a[n earlier] petition for post-conviction relief."

*Id.* (second brackets and emphasis in original). In light of that understanding of the statutes, in *Kinkel,* we concluded that the "petitioner cannot succeed in asserting that he could not raise his Eighth Amendment challenge to his sentence earlier because he, *in fact,* earlier challenged the sentence on that basis." *Id.* at 443 (emphasis in original). The same result obtains in this case.

As noted, petitioner asserts that he is entitled to relief from the 1994 judgment because the sentences imposed constitute a de facto life sentence which violates ORS 161.620. Furthermore, he contends that the de facto "life in prison without the possibility of release imposed in the 1994 judgment" violates the Eighth Amendment and Article I, section 16, because it is "cruel and unusual and disproportionate." Finally, he asserts that the 1994 judgment violates Article I, section 15. Furthermore, he asserts that he could not have raised his challenges earlier because *Miller* announced a new rule that he could not reasonably have anticipated and because he did not know how long he would spend in prison until his prison term on the aggravated murder sentences was established in 2012.[7]

With respect to his statutory challenge to his sentences, as in *Kinkel* and *Verduzco,* petitioner cannot succeed in asserting that he could not have raised his challenge earlier because he, in fact, earlier challenged his sentences on that basis. As discussed above, in both of his previous post-conviction petitions, petitioner asserted that the trial court had sentenced him in violation of ORS 161.620: In one

---

[7] We observe that, to the extent petitioner contends that the board order establishing his release date on the aggravated murder convictions triggers the escape clauses, we are unpersuaded. We note, as the state correctly points out, that petitioner cannot challenge the board's decision in a post-conviction relief proceeding. *See* ORS 138.530; ORS 138.540. Furthermore, petitioner's challenges relate to the *sentences* imposed in the 1994 judgment—two consecutive life terms followed by an additional 280 months of imprisonment. Those sentences have not changed in the years since they were imposed, and we are not convinced that the board order gives rise to challenges that petitioner could not reasonably have raised earlier.

earlier petition, he claimed that the court had "imposed an illegal sentence on Petitioner, a juvenile, when it sentenced him under the guidelines and in violation of ORS 161.620." In the other earlier petition, he asserted that ORS 161.620 "prohibited the imposition of, *inter alia*, a true-life sentence on any person, such as petitioner, who was under 17 years of age when the crime was committed." However, he contended that, in his case, the "court imposed true-life sentences in violation of" that statute. Because essentially the same statutory grounds for relief as petitioner seeks to assert in this case were raised in his earlier petitions, he cannot successfully argue in his current claim that his challenge could not have reasonably been raised in an earlier petition for post-conviction relief.

The same is true of petitioner's contentions that he was unconstitutionally sentenced to what amounts to a life sentence without the possibility of release. In this case, as noted, relying primarily on the Court's decision in *Miller*, petitioner contends that his sentences violate the Eighth Amendment and also Article I, sections 15 and 16. In one of his earlier petitions for post-conviction relief, petitioner contended that the trial court "imposed an excessive and improper sentence when it sentenced Petitioner to two consecutive life sentences as a 17 year old." Petitioner's other earlier post-conviction petition more specifically challenged his sentences on Eighth Amendment grounds, claiming that he was convicted of aggravated murder for acts committed when he was 16 years old, that the court, essentially, "imposed true-life sentences," and that those sentences violated petitioner's right "to be free from cruel and unusual punishment, under the * * * Eighth, and Fourteenth Amendments to the United States Constitution." Having earlier challenged his sentence on those grounds, he cannot now assert that he could not have earlier challenged a de facto true-life sentence as violating the constitutional prohibition on cruel and unusual punishment. The fact that *Miller* had not been decided when he raised those earlier challenges does not change that result. As we said in *Kinkel*, "ORS 138.550(2) and (3) do not only prevent a petitioner from bringing a successive petition for post-conviction relief on grounds that would have been *successful* if raised earlier."

276 Or App at 444 (emphasis in original). To the contrary, "where a petitioner did, in fact, earlier raise a ground—even unsuccessfully—ORS 138.550(2) and (3) bar that ground for relief from being raised in a later post-conviction petition." *Id.* Here, in light of his earlier challenges to the sentences imposed on him, a juvenile, as excessive, improper, and cruel and unusual, we reject petitioner's contention that his claims under the Eighth Amendment and Article I, section 16, [8] and Article I, section 15,[9] could not have been raised earlier.

In sum, where a ground for relief could reasonably have been—or was—raised on direct appeal or in an earlier petition for post-conviction relief, ORS 138.550(2) and (3) bar that ground for relief from being raised in a later petition. Here, the post-conviction court did not err in concluding that the bar on successive petitions bars the grounds for relief that petitioner sought to raise in this case. Accordingly, the court did not err when it denied petitioner's motion for summary judgment, granted the superintendent's motion, and dismissed the petition for post-conviction relief with prejudice.

Affirmed.

---

[8] We observe that petitioner's Article I, section 16, arguments are based on his contention that the sentence imposed in this case violates the Eighth Amendment. He relies on *Miller* in support of his contention and observes that the "Article I, section 16, analysis generally tracks the United States Supreme Court's interpretation of the Cruel and Unusual Punishment Clause of the Eighth Amendment." In his brief, petitioner essentially argues that, because the sentence in this case is cruel and unusual for Eighth Amendment purposes, it violates Article I, section 16, as well. In light of petitioner's earlier challenges to his sentence, his Article I, section 16, claims, which are based on his Eighth Amendment claims, could have also been raised earlier and do not fall within the statutory escape clause.

[9] Petitioner's Article I, section 15, claim is based on the same principles raised in support of his Eighth Amendment and Article I, section 16, claims. We see no basis for treating his claims relating to this state constitutional provision differently from the remainder of his claims.