Argued and submitted September 15, 2015, affirmed May 17, 2017

LYDELL MARCUS WHITE,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
11C24315; A154435

397 P3d 504

Ryan T. O'Connor argued the cause for appellant. With him on the briefs was O'Connor Weber LLP.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.*

----------

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

## SERCOMBE, P. J.

In 1993, at 15 years old, petitioner and his twin brother murdered an elderly couple.[1] Petitioner was waived into adult court and, based on a stipulated facts trial, was convicted of one count of aggravated murder, one count of murder, and one count of first-degree robbery. Following a sentencing hearing, the trial court sentenced petitioner to an indeterminate life sentence on the aggravated murder conviction, an 800-month term of imprisonment, to be served concurrently with the life sentence, on the murder conviction, and a 36-month term of imprisonment, to be served consecutively to the aggravated murder and murder sentences, on the first-degree robbery conviction. In 2013, following the United States Supreme Court's decision in *Miller v. Alabama,* 567 US 460, 132 S Ct 2455, 183 L Ed 2d 407 (2012), petitioner filed a successive petition for post-conviction relief.[2] The superintendent filed a motion for summary judgment, asserting that the petition was successive and untimely and, therefore, "barred by both ORS 138.510(3) and ORS 138.550(3)." The post-conviction court agreed and, accordingly, granted the motion for summary judgment and dismissed the petition. Petitioner appeals the resulting judgment and, on appeal, we conclude, as we did in *Kinkel v. Persson,* 276 Or App 427, 367 P3d 956, *rev allowed,* 359 Or 525 (2016), and *Cunio v. Premo,* 284 Or App 698, 395 P3d 25 (2017), that the statutory rule against successive petitions bars petitioner from raising the grounds for relief set forth in his petition in this case. Accordingly, we affirm the judgment of the post-conviction court.

As noted, based on acts committed when he was 15 years old, petitioner was convicted of aggravated murder, murder, and first-degree robbery. We affirmed the trial court's judgment without opinion on direct appeal, and the Supreme Court denied review. *See State v. White,* 139 Or App 136, 911 P2d 1287, *rev den,* 323 Or 691 (1996). In 1997,

---

[1] As petitioner notes in his brief, petitioner and his brother, Laycelle, received similar convictions and sentences. Laycelle's appeal from a post-conviction judgment is currently pending in *White v. Premo,* A154420.

[2] Petitioner filed a *pro se* petition for post-conviction relief in December 2011 and then, in February 2013, filed an amended petition through counsel in which he relied on *Miller.*

petitioner sought post-conviction relief, requesting that the judgment of conviction be set aside and the sentences be vacated. Among other things, petitioner asserted that defense counsel was inadequate for failing to object to the sentence as "illegal and unauthorized." He also claimed that "[t]he trial court was in error for imposing a life sentence and 836 month[s] on petitioner[,] a remanded juvenile. The sentence violates the Eighth Amendment protection against Cruel and Unusual punishment." The post-conviction court denied relief and, on appeal from the post-conviction judgment, we, again, affirmed without opinion and the Supreme Court, again, denied review. *See White v. Thompson*, 163 Or App 416, 991 P2d 63 (1999), *rev den*, 327 Or 607 (2000). Petitioner later filed a second unsuccessful petition for post-conviction relief. We summarily affirmed the judgment in that case, and the Supreme Court entered an order denying review.

In 2012, the Board of Parole and Post-Prison Supervision held a prison term hearing and issued an order establishing petitioner's prison term on the life sentence imposed for the aggravated murder conviction. *See State ex rel Engweiler v. Felton*, 350 Or 592, 629, 260 P3d 448 (2011) ("[P]risoners sentenced for aggravated murder are entitled to a parole hearing at which the board must either set a release date or explain why it has chosen not to do so."). As petitioner set out in his petition for post-conviction relief, the board "set a prison term of 288 months on the conviction for Aggravated Murder."[3]

Also in 2012, the United States Supreme Court decided *Miller*, in which it held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders." 567 US at 479, 132 S Ct at 2469. The Court explained:

"Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking

---

[3] As petitioner notes in his brief, his projected release date on the aggravated murder sentence is 2018 and, at time the brief was filed, his expected release date on the 800-month sentence was June 3, 2051.

into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. * * * And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it."

*Id.* at 477, 132 S Ct at 2468.

In his petition in this case, petitioner claimed that he had been denied adequate assistance of trial counsel in a number of ways, including that counsel failed to "object to, as unconstitutionally disproportionate punishment, the imposition of the 800-month sentence on the Murder conviction that would likely greatly exceed the sentence on the more serious charge of Aggravated Murder," and failed to "object to the constitutionality of the 800-month sentence on the grounds that it constituted a *de facto* sentence of Life without the possibility of parole."[4] He also asserted that he had received inadequate and ineffective assistance of post-conviction counsel and was, therefore, deprived of the "ability to fully challenge the validity of his sentences in subsequent proceedings." Petitioner acknowledged that the petition was successive but noted that ORS 138.550 "allows for successive petitions when 'the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the initial or amended petition.'" He asserted that he could not reasonably have raised the ground for relief set forth in the petition prior to, among other things, the Supreme Court's decision in *Miller*.

The superintendent filed a motion for summary judgment asserting, among other things, that the petition

---

[4] In his petition, petitioner also stated several other ways in which, in his view, his criminal trial counsel had been inadequate. For example, he claimed counsel had failed to investigate or articulate "any sentencing facts in mitigation" and failed to object to the imposition of an upward departure sentence on the ground that the court "failed to articulate findings supporting application of aggravating factors to support such a departure." He does not specifically discuss those claims on appeal, nor does he articulate any reason that those claims could not have been raised in his original post-conviction petition. Accordingly, we do not understand him to challenge the post-conviction court's dismissal of those claims.

was time barred under ORS 138.510(3) and did not fall within the escape clause under that statute.[5] Furthermore, the superintendent asserted that the grounds for relief in the petition either had been or could have been raised in the original petition for post-conviction relief and, therefore, the successive petition was barred under ORS 138.550(3).[6]

---

[5] ORS 138.510(3) provides:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court upon hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register.

"(b) If an appeal is taken, the date the appeal is final in the Oregon appellate courts.

"(c) If a petition for certiorari to the United States Supreme Court is filed, the later of:

"(A) The date of denial of certiorari, if the petition is denied; or

"(B) The date of entry of a final state court judgment following remand from the United States Supreme Court."

[6] ORS 138.550 provides, in part:

"The effect of prior judicial proceeding concerning the conviction of petitioner which is challenged in the petition shall be as specified in this section and not otherwise:

"(1) The failure of petitioner to have sought appellate review of the conviction, or to have raised matters alleged in the petition at the trial of the petitioner, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available.

"(2) When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 680, unless otherwise provided in this section.

"(3) All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition. However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

The post-conviction court held a hearing on the motion and, ultimately, agreed with the superintendent that the petition was untimely and successive and that petitioner had "not demonstrated * * * that [any of his] allegations qualify for any escape clause." Accordingly, the court granted the superintendent's motion for summary judgment and dismissed the petition.

On appeal, in his first assignment of error, petitioner contends that the trial court erred when it denied him relief on his claim of inadequate and ineffective assistance of trial counsel. In particular, he asserts that the 1995 judgment in his criminal case imposed a de facto life sentence without the possibility of release.[7] He asserts that he is entitled to relief because his sentences "violate the ban on cruel and unusual punishments in Article I, section 16, of the Oregon Constitution, [and] * * * the Eighth Amendment to the United States Constitution," and the 800-month sentence for murder is "disproportionate to a life sentence with the possibility of release" for aggravated murder. Furthermore, he contends that his late and successive petition for post-conviction relief satisfies the escape clauses in ORS 138.510 and ORS 138.550 because (1) he "could not reasonably have anticipated the rule from *Miller* and thus * * * could not have raised the grounds for relief here in a timely post-conviction proceeding" and (2) he could not reasonably have raised his disproportionality challenge until after the board's 2012 order setting his prison term on the aggravated murder sentence.[8] The superintendent responds, in part,

---

[7] Petitioner points out that, when he was sentenced, his earliest release date would not have been until he was in his 80s. As noted, he also states that, at the time he filed his brief, his release date from the 800-month sentence was June 3, 2051, when he would be in his early 70s.

[8] As noted, petitioner claims in this case that trial counsel was constitutionally ineffective. That claim is irreconcilable with his assertion that his claims fall within the escape clauses of ORS 138.510 and ORS 138.550. As we explained in *Lutz v. Hill*, 205 Or App 252, 256, 134 P3d 1003, *rev den*, 341 Or 140 (2006):

"[T]he factual premise of petitioner's invocation of the 'escape clauses' in ORS 138.510(3) and ORS 138.550(3), *viz.*, that his present claim 'could not reasonably have been raised' before [new Supreme Court case law], is irreconcilable with the factual premise of his claim of inadequate assistance of counsel, *viz.*, that, as of [the time of his trial], reasonable criminal defense counsel would have anticipated [that development of the law] and raised a * * * challenge [based on that expected development of the law]. Although it *may* be abstractly possible, in some case, that an otherwise time-barred claim

that the petition is untimely and successive and that petitioner's claims are barred in light of ORS 138.510 and ORS 138.550. He also asserts that, even if petitioner's claims were not barred, they would nevertheless fail on the merits. Because it is dispositive, we address the question whether ORS 138.550 precludes petitioner from obtaining relief on the grounds raised in his petition.

The state post-conviction relief act provides "that post-conviction petitions must be filed within two years after the challenged conviction becomes final, ORS 138.510(3), and it also bars successive petitions, ORS 138.550(3)." *Verduzco v. State of Oregon*, 357 Or 553, 561, 355 P3d 902 (2015). However, both of those procedural bars "contain identically worded 'escape clauses.'" *Id.* Under the escape clauses, "[e]ssentially, if [a] petitioner could not reasonably have raised the grounds for relief alleged in his [successive] petition either in a timely fashion or in the first petition, then those state procedural bars do not prevent petitioner from pursuing the grounds for relief alleged in his second post-conviction petition." *Id.*

In *Verduzco*, the Oregon Supreme Court interpreted and applied ORS 138.550. As the court explained, under ORS 138.550(2), if a petitioner

"has appealed from a judgment of conviction and if the petitioner could have raised a ground for relief on direct appeal, then the petitioner cannot raise that ground for relief in a post-conviction petition 'unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding.'"

*Id.* at 565 (quoting ORS 138.550(2)). Similarly, under ORS 138.550(3), "all grounds for relief must be raised in the original or amended petition for post-conviction relief unless the post-conviction court 'on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.'" *Id.* (quoting ORS 138.550(3)).

---

of inadequate assistance of counsel could be cognizable under the 'escape clauses,' this is not such a case. Bluntly, post-conviction petitioners in this petitioner's position are statutorily 'whipsawed.'"

(Emphasis in original.)

> "Those two statutory provisions 'express a complete thought' and, read together, 'express the legislature's determination that, when a petitioner has appealed and also has filed a post-conviction petition, the petitioner must raise all grounds for relief that reasonably could be asserted.' A 'failure to do so will bar a petitioner from later raising an omitted ground for relief.'"

*Kinkel*, 276 Or App at 440 (quoting *Verduzco*, 357 Or at 565).

In *Verduzco*, the petitioner filed a successive petition for post-conviction relief, claiming that counsel in his underlying criminal proceeding had been ineffective for failing to advise him of the immigration consequences of pleading guilty to distribution of a controlled substance. In an earlier unsuccessful post-conviction petition, the petitioner had alleged essentially the same grounds for relief. Thereafter, the United States Supreme Court had decided *Padilla v. Kentucky*, 559 US 356, 369, 130 S Ct 1473, 176 L Ed 2d 284 (2010), in which it held that, "when the deportation consequence [of a conviction] is truly clear, as it was in this case, the duty to give correct advice is equally clear," and the failure to give such advice amounts to a violation of the Sixth Amendment to the United States Constitution. In support of his successive petition, the petitioner contended that he could not have raised his current claims for relief until after the Court announced its decision in *Padilla*. Thus, he asserted, the change in the law brought his claims within the escape clauses in ORS 138.510 and ORS 138.550. *Verduzco*, 357 Or at 561. The Oregon Supreme Court rejected that assertion, concluding that it need not decide whether the petitioner reasonably could have earlier raised his claims because the petitioner had, in fact, raised his constitutional claims in his earlier petition for post-conviction relief. *Id.* at 573.

Because the petitioner had earlier raised those claims, the court concluded that he could not "claim that he could not reasonably have raised them." *Id.* As the court explained, "[t]he escape clause does not preclude petitioner from relitigating only those grounds for relief that he was certain he could win when he filed his first post-conviction petition." *Id.*

"In other words, the fact that, in an earlier appeal or petition for post-conviction relief, a petitioner unsuccessfully raised a ground for relief that would have been successful under later case law does not bring a claim for relief within the escape clauses of ORS 138.550(2) and (3). On the contrary, the fact that a petitioner earlier raised the same ground for relief demonstrates that that ground for relief *could* reasonably have been raised on appeal or in a first petition for post-conviction relief."

*Kinkel*, 276 Or App 442 (emphasis added); *see Hardin v. Popoff*, 279 Or App 290, 304 n 10, 379 P3d 593, *rev den*, 360 Or 465 (2016) ("Our analysis simply requires us to ask whether a claim could reasonably have been raised, not whether that claim could have been raised fruitfully.").

As noted, in this case, petitioner asserts, in part, that he is entitled to relief from the 1995 judgment because the sentence imposed, particularly, the 800-month murder sentence, is a de facto life sentence that constitutes cruel and unusual punishment in violation of the Eighth Amendment and Article I, section 16. Furthermore, he asserts that he could not have raised that challenge earlier because *Miller* announced a new rule that he could not have reasonably anticipated.[9] However, with respect to this challenge to his sentence, as in *Verduzco, Kinkel,* and *Cunio,* petitioner cannot successfully assert that he could not have raised his claim earlier because he, in fact, earlier challenged his sentence on that basis. As discussed above, in his original petition for post-conviction relief, petitioner asserted that the sentences imposed on him in the 1995 judgment violated "the prohibition against cruel and unusual punishment secured by the Eighth Amendment [to] the United States Constitution." In

---

[9] As in *Kinkel* and *Cunio*, in their briefs, with respect to the merits of petitioner's "cruel and unusual punishment" challenge to his sentences, the parties make arguments regarding whether the Court's decision in *Miller* applies retroactively. As we recognized in both of those cases, in *Montgomery v. Louisiana*, ___ US ___, ___, 136 S Ct 718, 732, 193 L Ed 2d 599 (2016), the Court explained that "*Miller* announced a substantive rule that is retroactive in cases on collateral review." As we explained in *Kinkel*, however, we "do not interpret *Montgomery* to preclude operation of ORS 138.510(3) or ORS 138.550(2) and (3)." 276 Or App at 438 n 6. "In other words, whether petitioner would be entitled to relief on the merits if his petition were permitted under the statutes does not affect our consideration, in the first instance, of whether petitioner's successive petition is procedurally barred by ORS 138.550." *Cunio,* 284 Or App at 706 n 6.

particular, he asserted that the "life" and "836 month" sentences imposed on him, "a remanded juvenile," violated the "Eighth Amendment protection against Cruel and Unusual punishment." As in *Cunio*, having raised that claim in his original post-conviction petition, he cannot now assert that he could not have earlier challenged his sentence as violating the constitutional provision on cruel and unusual punishment.[10] *See Cunio*, 284 Or App at 709.

As noted, petitioner also claims that the 800-month sentence for murder is vertically disproportionate to the sentence for aggravated murder, and asserts that he could not have raised that challenge before the parole board established a release date on his aggravated murder sentence in 2012, and, therefore, it falls within the escape clauses in ORS 138.510 and ORS 138.550. We are unpersuaded. As petitioner notes, his vertical proportionality challenge "involves a comparison between the sentence for murder and the sentence for aggravated murder." However, his sentence on each conviction was set forth in the 1995 judgment in this case and those sentences have not changed in the years since they were imposed. Thus, a challenge based on the premise that the 800-month sentence for murder is vertically disproportionate to an indeterminate life sentence for aggravated murder could have been raised at that time. *See Cunio*, 284 Or App at 706 n 7. Furthermore, to the extent that his challenge is based on the board's decision, as the state correctly notes, petitioner cannot challenge the board's decision in post-conviction relief. *See id.*; *see also* ORS 138.530(1);[11]

---

[10] As in *Cunio*, petitioner's argument that the sentence in this case is cruel and unusual under Article I, section 16, are based on Eighth Amendment arguments. He relies on *Miller* in support of his position and essentially argues that, because the sentences are cruel and unusual for Eighth Amendment purposes, they violate Article I, section 16, as well. "In light of petitioner's earlier challenges to his sentence, his Article I, section 16, claim" that the sentence is cruel and unusual, which is based on his Eighth Amendment claim, "could have also been raised earlier" and does "not fall within the statutory escape clause." *Cunio*, 284 Or App at 710 n 8.

[11] Under ORS 138.530(1), post-conviction relief is to be granted when a petitioner establishes:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

ORS 138.540(2).[12] Accordingly, we reject petitioner's assertion that his vertical disproportionality challenge to his sentences could not have been raised earlier.

In a second assignment of error, petitioner asserts that the court erred when it denied relief on his claim of inadequate or ineffective assistance of post-conviction counsel. In particular, he asserts that his procedural default should be excused based on the inadequacy of counsel in his original post-conviction proceeding. That is, he asserts that he "satisfies the escape clauses in the [Post-Conviction Hearing Act] if he proves that his * * * counsel unreasonably failed to raise a ground for relief in a prior post-conviction proceeding." We reject that contention.

First, as we recently reiterated in *Cunningham v. Premo*, 278 Or App 106, 124, 373 P3d 1167, *rev den*, 360 Or 422; 360 Or 751 (2016), *cert den*, ___ US ___, 2017 WL 1040930 (Mar 20, 2017), "the adequacy of post-conviction counsel may not be challenged in a later post-conviction proceeding." Furthermore, in support of his argument, petitioner relies on the United States Supreme Court's decision in *Martinez v. Ryan*, 566 US 1, 17, 132 S Ct 1309, 182 L Ed 272 (2012), in which the Court held that,

> "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral

---

"(b) Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d) Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

[12] Under ORS 138.540(2),

"[w]hen a person restrained by virtue of a judgment upon a conviction of a crime asserts the illegality of the restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof, relief shall not be available [under the post-conviction relief statutes] but shall be sought by habeas corpus or other remedies, if any, as otherwise provided by law."

proceeding, there was no counsel or counsel in that proceeding was ineffective."

However, as we explained in *Cunningham*, the Court's decision in *Martinez* "applies narrowly to procedurally barred claims of ineffective trial counsel in federal habeas corpus petitions, where barred claims will only be reviewed upon demonstration of cause and prejudice for the procedural default, or that a failure to review the claim will result in the fundamental miscarriage of justice." *Cunningham*, 278 Or App at 124. That is a very different standard than that set forth in ORS 138.550(3). Thus, in *Cunningham*, we "decline[d] to extend the Supreme Court's rationale in *Martinez* to post-conviction claims that are barred as successive, and conclude[d] that petitioner may not avail himself of the escape clause based on his claim that former post-conviction counsel was inadequate." *Id.* at 124-25. Accordingly, petitioner's contention that he can satisfy the escape clauses based on his claim that his former post-conviction counsel was inadequate is unavailing.

In sum, the post-conviction court did not err in granting the superintendent's motion for summary judgment and dismissing petitioner's claims as improperly successive pursuant to ORS 138.550(3).

Affirmed.