No. 52 January 28, 2026 749

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL SPENCER WASHINGTON, JR.,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV31943; A182484

Claudia Burton, Senior Judge.

Argued and submitted April 29, 2025.

Karen A. Steele argued the cause for appellant. Also on the briefs was Jeffrey E. Ellis.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

This is an appeal of the denial of a successive petition for post-conviction relief (PCR). Petitioner challenges the constitutionality of the death penalty questions, challenges the adequacy of his first PCR counsel, and requests the retroactive application of a new federal rule of criminal procedure. We affirm.

Petitioner was convicted in 2010 of, among other things, aggravated murder and sentenced to death. The Oregon Supreme Court affirmed the convictions on direct review, *State v. Washington*, 355 Or 612, 330 P3d 596 (2014), and the United States Supreme Court denied certiorari, 574 US 1016 (2014). Petitioner filed his first PCR petition in 2017 and was denied relief in 2018, which we affirmed. *Washington v. Kelly*, 333 Or App 235, 552 P3d 80, *rev den*, 372 Or 787 (2024). In 2020, while that appeal was pending, petitioner filed a successive PCR petition (the instant action), responding to various updates in the law that he believed rendered his death sentence unconstitutional, and requesting a remand for resentencing. While petitioner's cases were pending, then-Governor Kate Brown commuted petitioner's sentence to life without the possibility of parole (LWOP). The PCR court modified defendant's sentence to LWOP—acknowledging that the result was "somewhat redundant" given the governor's commutation order—but otherwise denied petitioner relief.

On appeal, petitioner raises five assignments of error. We review for legal error, accepting the PCR court's implicit and explicit findings of historical fact. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Because petitioner's claims are either procedurally barred as a successive PCR petition (claims 1, 2, and 5), are not cognizable (claim 3), or fail on the merits (claim 4), we affirm.

Petitioner's first two assignments relate to the post-conviction court's imposition of LWOP, as opposed to a remand for resentencing so that petitioner could argue for a sentence of life with the possibility of parole. Petitioner argues, in the main, that two of the questions posed to the jury in the sentencing phase were unconstitutional which

permitted the prosecution in his case to present "a plethora of aggravation evidence to the jury"—evidence that would otherwise be inadmissible—which tainted the jury's findings.[1]

Those challenges are procedurally barred, as he could have raised them in his previous post-conviction proceeding. *See* ORS 138.550(3) ("All grounds for relief claimed by petitioner in a [PCR] petition \*\*\* must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.").

In petitioner's most recent petition, he claimed that the second and fourth questions were unconstitutional. With regard to the second question, petitioner argued that it lacked scientific validity, could not be accurately decided, could not be proven beyond a reasonable doubt, did not adequately narrow the class of people who could be sentenced to death, failed to limit jurors' discretion, and was incompatible with contemporary standards of decency. Petitioner made similar claims with regard to the fourth question, arguing that it was unconstitutional because its burden of proof was lower than beyond a reasonable doubt. Those arguments were available to petitioner in his first petition.

To avoid the successive petition procedural bar, petitioner appears to argue that Senate Bill (SB) 1013 (2019) changed the constitutional landscape, such that he could not raise his constitutional arguments before. *See* ORS 138.550(3) (successive petitions barred unless claims "could not have reasonably been raised"); *see also* ORS 138.550(2) (successive petition can only contain claims that were asserted on direct appeal unless claims "could

---

[1] Specifically, petitioner argues that the PCR court erred by "fail[ing] to adhere to the language in the 12/2022 Commutation Order stating, '[n]othing in this Commutation Order is intended to preclude a Commutee from seeking other or further relief from the courts that they may be entitled to,'" and by "relying upon the 2010 trial jury's decision that petitioner should receive the death penalty in support of its conclusion that a sentence of [LWOP] is appropriate." We understand petitioner to argue that, due to the improper death penalty questions, "the 2010 trial jury's decision that petitioner should receive the death penalty" was invalid, and the "other and further relief" sought would be a resentencing.

not reasonably have been asserted in the direct appellate review proceeding"); ORS 138.510(3) (PCR petition must be filed within two years of final disposition in case "unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition"); *Perez v. Cain*, 367 Or 96, 111, 473 P3d 540 (2020) (collecting cases in which the Supreme Court held that "an intervening change in case law was sufficiently novel or surprising that a petitioner's claim based on the change in law could not reasonably have been asserted earlier"). We disagree.

As an initial matter, SB 1013 did not amend the constitution. Or Laws 2019, ch 635. To the extent that petitioner argues SB 1013 interpreted the constitution, that argument is unavailing; only courts have the power to say what the constitution means. *Stranahan v. Fred Meyer, Inc.*, 331 Or 38, 53, 11 P3d 228 (2000) ("This court is the body with the ultimate responsibility for construing our constitution."). Nor did SB 1013 interpret the second and fourth questions or declare them unconstitutional.[2] Petitioner was free to make his arguments about the constitutionality of the questions (or that they lacked scientific validity, failed to serve their function, etc.) prior to the enactment of SB 1013, in his initial petition. Thus, petitioner's challenges to the questions are procedurally barred.

Petitioner's third assignment of error challenges the performance of his first PCR counsel. Petitioner argues that his first PCR counsel was deficient for failing to include an inadequate assistance of counsel (IAC) claim against his 2010 trial counsel, for that attorney's failure to move to suppress cell-site location information (CSLI) evidence that was obtained without a warrant.[3] Assuming that the claim would survive the procedural bar, petitioner's argument fails because, as we have repeatedly held, a claim that post-conviction counsel was inadequate in a previous case is not cognizable in a subsequent post-conviction proceeding.

_____

[2] SB 1013 did amend the death penalty sentencing statute by removing the second question and adding the fourth question to the list of questions that must be determined beyond a reasonable doubt.

[3] To the extent petitioner renews his ineffective-assistance claim against his trial counsel, we reject that argument without discussion.

*See White v. Premo*, 285 Or App 570, 581-82, 397 P3d 504 (2017), *rev'd on other grounds*, 365 Or 1 (2019) (adequacy of post-conviction counsel may not be challenged in a later post-conviction proceeding); *Cunningham v. Premo*, 278 Or App 106, 124, 373 P3d 1167, *rev den*, 360 Or 422; 360 Or 751 (2016), *cert den*, 580 US 1202 (2017) (same).

Petitioner next argues, in his fourth assignment of error, that the PCR court erred by not concluding that the new rule of criminal procedure announced in *Carpenter v. United States*, 585 US 296, 138 S Ct 2206, 201 L Ed 2d 507 (2018), with regard to CSLI, was retroactive on collateral review. Assuming without deciding that this ground for relief could not reasonably have been raised in petitioner's first proceeding, we conclude that the PCR court did not err. A petitioner seeking retroactive application of a newly announced federal rule must establish a denial of a constitutional right that was (1) "consequential in the criminal justice proceeding," and (2) offensive to the court's "judicial sense of fairness, guided by [the court's] knowledge of the traditions which have shaped our procedural rights and by our understanding of the mechanics of trial procedures, including the functioning of the jury in our present-day practice." *Watkins v. Ackley*, 370 Or 604, 630, 523 P3d 86 (2022) (brackets and internal quotation marks omitted).[4] Petitioner has not established how that new rule—expanding the warrant requirement to cover new technology—implicates "the traditions which have shaped our procedural rights" and, consequently, has not established that the rule applies retroactively.

Finally, in his fifth assignment of error, petitioner argues that "the cumulative effect of individual errors" resulted in a trial that was fundamentally unfair. Given that the grounds for relief articulated by petitioner are either procedurally barred or not erroneous, we reject that argument as well.

Affirmed.

---

[4] Under the federal constitution, new federal rules of criminal procedure are not retroactive on collateral review. *Edwards v. Vannoy*, 593 US 255, 272, 141 S Ct 1547, 209 L Ed 2d 651 (2021). We understand petitioner to pursue an argument under state law.