Argued and submitted March 7, 2019, at the University of Oregon School of Law, Eugene, Oregon. May 31, 2019
Ryan T. O'Connor, O'Connor Weber LLC, Portland, argued the cause and filed the briefs for petitioner on review.
Paul L. Smith, Deputy Solicitor General, Salem, argued the cause and filed the brief for respondent on review. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.
Aliza B. Kaplan, Lewis & Clark Law School, Portland, filed the brief for amici curiae Constitutional Law and Criminal Procedure Scholars.
Alexander A. Wheatley, Fisher & Phillips, LLC, Portland filed the brief for amici curiae Lewis & Clark Law School's Criminal Justice Reform Clinic, Oregon Criminal Defense Lawyers Association, Oregon Justice Resource Center, Juvenile Law Center, and Phillips Black, Inc.
**23 Along with his twin brother, Lydell, petitioner Laycelle White was charged with and convicted of aggravated murder and murder, receiving a sentence of life with the possibility of parole for the murder of one victim and an 800-month determinate sentence for the murder of the other.[1] In a petition for post-conviction relief, petitioner argues that his 800-month sentence for one murder is a de facto sentence of life without parole that must comport with the United States Supreme Court's decision in Miller v. Alabama , 567 U.S. 460, 132 S. Ct. 2455, 183 L.Ed.2d 407 (2012).[2] Miller forbids a court from imposing a sentence of life without parole on a juvenile who commits a homicide, unless the homicide reflects the juvenile's irreparable corruption rather than the transient immaturity of youth. Id. at 479-80, 132 S. Ct. 2455. Petitioner argues that the record in this case, which was decided 17 years before Miller , does not establish that the trial court made the required "irreparable corruption" finding and that his sentence therefore is invalid. We agree and reverse the decisions of the Court of Appeals, White v. Premo , 286 Or. App. 123, 399 P.3d 1034 (2017), and of the post-conviction court, and remand to the post-conviction court for further proceedings.
This case raises virtually the same issues that we decided today in Lydell's case. White v. Premo (S065188) , 365 Or. 1, 443 P.3d 597 (2019) ( White (Lydell) ). There, we determined that Lydell's petition for post-conviction relief was not procedurally barred, that Miller applies to de facto life sentences, and that, given the particular circumstances presented in that case, Lydell's 800-month determinate sentence for one murder was subject to Miller 's protections. Id. at 7, 9. The record in that case did not convince us that the sentencing court had reached the conclusion that Lydell was one of the rare juvenile offenders who is irreparably depraved and that no reasonable sentencing court could reach any other conclusion. Id. at 9. We therefore reversed the decision of the post-conviction court dismissing Lydell's petition and ordered that court to enter a judgment vacating his sentence **24 and remanding to the sentencing court for further proceedings. Id. at 9.
Here, the facts and arguments that the parties present on those issues are almost identical to those presented in Lydell's case, and we write only to discuss one distinction-the slight difference in the sentencing court's stated rationale for imposing an 800-month sentence.
*610 As it did in imposing Lydell's sentence, the sentencing court focused on the fact that petitioner must have appreciated "fully and vividly" what he was doing and "exactly the horror that was involved in the brutality" that he was inflicting. Although there was evidence in the record that petitioner suffers from a psychological disorder,[3] the trial court did not find that petitioner suffers from any such disorder or that any such disorder motivated him to commit his crimes. Rather, the trial court explained that petitioner had had enough opportunities to learn how to control his behavior and that he had not been able to do so. The court further explained that it did not "know the reason for [petitioner's] problems" but that "it doesn't matter anymore." The court concluded that "the only thing left for us to do is to protect society from you, so that is my intent and firm desire."
As in Lydell's case, the superintendent here has attempted to cast the record as comparable to the record in Kinkel v. Persson , 363 Or. 1, 28, 417 P.3d 401 (2018), where we determined that the petitioner's 112-year sentence complied with Miller because the trial court's findings demonstrated that the petitioner's crime did not reflect the transience of youth. But, as in Lydell's case, the superintendent's attempt falls short. See White (Lydell) , 365 Or. at ---- (distinguishing Kinkel ). It is true that petitioner's actions were heinous **25 and brutal. And it is possible that, on remand, the sentencing court may find that petitioner is one of the rare juvenile offenders whose crimes reflect irreparable corruption. However, we are not persuaded that the sentencing court "[took] into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Miller , 567 U.S. at 480, 132 S.Ct. 2455. We also are not persuaded that the sentencing court reached the conclusion that petitioner is one of the rare juvenile offenders who is irreparably depraved or that no reasonable sentencing court could reach any other conclusion. Accordingly, we reverse the decision of the lower courts and remand to the post-conviction court for further proceedings.
The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.
Duncan and Garrett, JJ., did not participate in the consideration or decision of this case.
Petitioner's sentences would see him released at 81 years old.
The transcript of the sentencing hearing was not before the post-conviction court. Petitioner asks this court to take judicial notice of that transcript for purposes of determining whether petitioner's sentence complies with Miller . The superintendent also asks this court to take such notice, but he further requests that this court take notice of evidence and other records that were before the sentencing court when it sentenced petitioner. We will take judicial notice of the materials requested, see Eklof v. Steward , 360 Or. 717, 722 n. 4, 385 P.3d 1074 (2016) (taking judicial notice of case registers), though we note that we will not make a habit of taking judicial notice of the kind of additional materials submitted by the superintendent. There are several determinations that would usually take place at the trial level before materials like that could be admitted.